79　429
94　591

# Donovan *v.* South & North Ala. Railroad Co.

*Action against Railroad Company, for Damages on account of Personal Injuries.*

1. *Error without injury.*—The rule established by the later decisions of this court is, that the presumption of injury from error is repelled when, on the whole record, the court can see clearly and satisfactorily that no injury resulted from the error.
2. *Same.*—On appeal by the plaintiff below, in an action against a railroad company for damages on account of personal injuries, the plaintiff having recovered a judgment on verdict, and the rule as to the measure of damages having been correctly stated to the jury, other charges given as to the legal liability of the defendant under the facts in evidence, if erroneous, are not ground of reversal.

APPEAL from the Circuit Court of Jefferson.
Tried before the Hon. S. H. SPROTT.

RICE & WILEY, and JAMES WEATHERLY, for appellant.

HEWITT, WALKER & PORTER, *contra.*

[Donovan v. South & North Ala. Railroad Co.]

SOMERVILLE, J.—The action is one for damages, brought by the appellant, who was an infant about ten years of age, and based on certain bodily injuries alleged to have been produced by the negligence of the defendant's servants while operating a steam-engine, with a train of cars attached; the plaintiff being at the time upon the railroad track of the defendant corporation. The jury found a verdict in favor of the plaintiff in the court below, who is here the appellant, for the sum of thirteen hundred and fifty dollars; and from this judgment he takes this appeal.

The assignments of error are all based on charges given by the court, to which proper exceptions were taken. All of these charges refer to the naked question of the legal liability of the defendant to the plaintiff, for the alleged wrongful act which occasioned the plaintiff's injuries. None of them relate to the rules of law governing the proper measure of plaintiff's damages in the event of a recovery by him. The whole cause involved but three inquiries: (1) whether the agents of the defendant were guilty of any tort, wrongful act, or negligence, which resulted in producing the injury suffered by the plaintiff; (2) whether the plaintiff was guilty of such contributory negligence as barred his right to recover; (3) if entitled to recover, what should be the amount of plaintiff's damages?

The verdict of the jury shows, clearly and conclusively, that they found the two first issues against the defendant, and in favor of the appellant. Admitting, therefore, that there may have been error in one or more of the numerous charges of the court bearing on the issue of liability *vel non*, it is obvious that the jury could not have been misled by such error; because the record shows that they disregarded the supposed objectionable charges, and found, notwithstanding, that the defendant was liable. The only possible objection which can be urged by appellant to this finding is, that the amount of damages allowed was not sufficiently large. But one ruling of the court on the subject of the measure of damages is found in the record, and this is admitted to be correct, no exception having been taken to it. We will presume that the court gave every proper instruction to the jury on this point, that all of the instructions were free from error, and that the jury acted obediently to them, as was their sworn duty. The case presented, then, is merely one of error without injury, which satisfactorily and clearly appears upon an inspection of the whole record.

It is true, as argued, that the rule is to reverse when error is shown, because injury will be presumed, unless it affirmatively appears that no injury resulted from the error. It was

[Swann & Billups v. Kidd.]

said in an early case decided by this court, that in the event of an erroneous ruling by the lower court, the judgment would be reversed, unless it appears from the record that it was "impossible that injury could have accrued to the party against whom the error was committed."—*Pinkston v. Greene*, 9 Ala. 19, 23. In another case, the assertion was made, that a reversal must take place, unless it appeared "beyond a reasonable doubt that injury did not result from error."—*Hagerthy v. Bradford*, 9 Ala. 567, 571. The rule, however, as settled by the later cases, is, that the presumption of injury will be repelled, when the appellate court, upon surveying the whole record, can see clearly and satisfactorily that no injury resulted from the error.—*Clark v. Taylor*, 68 Ala. 453; 1 Brick. Dig. 780, § 100. To this conclusion we must be led, unless we assume that the jury were not sufficiently intelligent to comprehend the charges of the court, or else that, understanding, they perversely misapplied them.

It results from these views, that the judgment of the Circuit Court must be affirmed.

CLOPTON, J, not sitting.