Pritchard v. Hewitt.

PRITCHARD, *Plaintiff in Error*, v. HEWITT.

1. **Practice in Supreme Court:** INSTRUCTIONS. The Supreme Court will not reverse a judgment because of the refusal of proper instructions asked by a party when no harm resulted to him therefrom.

2. **Personal Actions:** NEW TRIAL : DAMAGES. A new trial will not be granted in personal actions, founded upon tort and sounding merely in damages, on the sole ground of the smallness of the amount of the damages recovered.

*Appeal from DeKalb Circuit Court.*—Hon. J. P. Grubb, Judge.

Affirmed.

*S. G. Loring* for plaintiff in error.

(1) The court erred in refusing the seventh instruction prayed for by the plaintiff. At common law, any person whatever, if an affray be made to the breach of the peace, may, without a warrant from a magistrate, restrain any of the offenders in order to preserve the peace. *Phillip v. Trull*, 11 Johns. 486; *Baynes v. Brewster*, 2 Q. B. 376; *Price v. Suley*, 10 A. & Tin. 39. (2) The court erred in refusing the eighth instruction asked by plaintiff. *State v. Peak*, 85 Mo. 193; *State v. Brown*, 64 Mo. 367; *State v. Underwood*, 57 Mo. 40. (3) The court also erred in giving the instruction on the part of the defendant. *State v. Clifford*, 5 Crim. Law Mag. 246; Wharton's C. L. [5 Ed.] secs. 10, 20, 21, 22, 26. (4) The motion for a new trial should have been sustained; plaintiff, under the law and facts, was entitled to substantial damages.

*Ramey & Brown* for defendant in error.

(1) Under the pleadings and evidence it was proper for the court to submit to the jury the defence set up in defendant's answer. *Son assault demense*, or that it was plaintiff's own wrong that occasioned the injury, has always been a good defence. 3 Black. Com. 120; 3 Broom & Had. 129; *State v. Stockton*, 61 Mo. 382. (2) And it was for the jury to say whether the defendant, from the conduct of the plaintiff and all the circumstances surrounding him, had good reason to believe that plaintiff was about to assault him, and that he was in immediate danger of great bodily harm from such

assault, and whether he used any more force in repelling the impending assault than was necessary. *State v. Stockton*, 3 Mo. App. 501; 5 Phillips on Evid. 204; *Gallagher v. State*, 3 Minn. 270. (3) The seventh instruction asked by plaintiff was properly refused. It assumed that the defendant shot the plaintiff solely on account of plaintiff's holding him. *Maxwell v. Railroad*, 85 Mo. 95; *State v. Wheeler*, 79 Mo. 366. (4) The defendant's instruction properly submitted the law of self-defence to the jury. *Morris v. Platt*, 32 Conn. 75; *State v. Stockton*, 3 Mo. App. 501; 2 Archbold's Crim. Prac. and Plead. p. 282, and note, and cases cited; 1 Russell on Crimes, 758; Ros. Crim. Evid. 290; *State v. Gallagher, supra*. (5) The motion for a new trial was properly overruled. It was the province of the jury to assess the damages that plaintiff should have, and although they did not justify the defendant fully in shooting, they had the right, and doubtless did consider all the facts and circumstances attending his shooting in estimating the damages, and the court, who had seen and heard all the witnesses, did not think the finding improper. *Gregory v. Chambers*, 78 Mo. 294.

BRACE, J.—This was an action commenced by the plaintiff in the circuit court of DeKalb county, to recover damages of the defendant for maliciously assaulting, shooting, and wounding the plaintiff, which resulted in a verdict for the plaintiff for one dollar. The defence was *son assault demesne*. After an unsuccessful effort for a new trial, the plaintiff, having saved his exceptions, brings the case to this court by writ of error, and assigns for error: (1) That the court refused to give the instructions numbers seven and eight for plaintiff; (2) that the court gave the instructions asked for the defendant; (3) that the court overruled plaintiff's motion for a new trial.

The refused instructions numbered seven and eight,

asked for by the plaintiff, and the instruction given by the court for the defendant, were all upon the issue joined upon defendant's plea, that plaintiff first assaulted him, and that in resisting that assault, he used no more force than was necessary to resist such assault, and protect himself from great personal injury, and as that issue was found for the plaintiff by the jury, no harm resulted to him from the action of the court, in that behalf, even though it be conceded that plaintiff's refused instructions were correct, and that the one given for the defendant is obnoxious to the criticism placed upon it. The action of the court in giving the one and in refusing the others would, therefore, be no ground for reversal. *Gregory v. Chambers*, 78 Mo. 294; *Morris v. Railroad*, 79 Mo. 367.

On the *quantum* of damages for plaintiff, the court gave the following instruction:

"If the jury find for the plaintiff, in estimating his damages, they will take into consideration the physical injury inflicted, and the bodily pain and mental anguish endured, together with the loss of time occasioned, and all expenses incurred, shown by the evidence, in and about the treatment of his case, also any and all such damages which it appears, from the evidence, will reasonably result to him from said injuries in the future."

The plaintiff insists that a new trial should have been granted, for the reason that the jury disregarded this instruction in the assessment of his damages at one dollar. The rule is, that in personal actions founded upon tort and sounding merely in damages, a new trial will not be granted on the sole ground of smallness of damages. Mr. Graham, in his work on New Trials, after stating the rule and reviewing the cases, thus states his reason for the rule: "The reason for holding parties so tenaciously to the damages found by the jury in personal torts is, that in cases of this class there is no scale by which the damages are to be graduated with cer-

tainty. They admit of no other test than the intelli-
gence of a jury governed by a sense of justice.   *   *   *
To the jury, therefore, as a favorite and almost sacred
tribunal is committed, by unanimous consent, the ex-
clusive task of examining the facts and circumstances,
and valuing the injury and awarding compensation in
damages. The law that confers on them this power and
exacts of them the performance of this solemn trust,
favors the presumption that they are actuated by pure
motives,   *   *   *   and it is not until the result of the
deliberation of the jury appears in a form calculated to
shock the understanding and impress no dubious con-
viction of their prejudice and passion that courts have
found themselves compelled to interpose." 1 Graham
and Waterman on New Trials [2 Ed.] 451.

The rule has been adhered to in the more recent
cases that have come under our observation, and has been
recognized approvingly in *Gregory v. Chambers*, 78 Mo.
294, and in *Watson v. Harmon*, 85 Mo. 443, and the prin-
ciple upon which it is founded sanctioned by very
many cases decided by this court where new trials
have been refused in cases where reversals have been
asked on the ground of excessive damages. Of course,
it goes without saying that actions *ex delicto*, wherein
the damages may be measured with some degree of cer-
tainty, are not within the rule, and that those cases
where the damages, under the circumstances, are such
as to shock the "understanding," and induce the con-
viction that the verdict was the result of either passion,
prejudice, or partiality, are exceptions to this rule.
The case under consideration is clearly within the rule ;
no standard is furnished in the evidence by which this
damage would be measured with any reasonable degree
of certainty, and nothing in the case to warrant the con-
clusion that the verdict was the result of passion, preju-
dice, or partiality. The jury were of the vicinage of
the parties, and doubtless acquainted with both the

parties and the witnesses. It was their exclusive province to weigh the evidence and pass upon the credibility of the witnesses. They and the learned judge who refused to grant a new trial, had better opportunities of seeing the transaction in its true light and colors, than we have in the record before us. Nevertheless, in that record, we can see how the jury might well, from the evidence, have found that, although the defendant was not justified in his action, yet that the plaintiff also was not without fault, and come to the conclusion that, under all the circumstances, it was not a case for substantial damages. It is not a case of that flagrant character that would warrant the intervention of an appellate court.

The judgment of the circuit court is affirmed. All concur.