STANLEY v. THE WABASH, ST. LOUIS AND PACIFIC RAILWAY COMPANY, *Appellant.*

1. **Practice in Supreme Court:** CHANGE OF CAUSE OF ACTION: WAIVER. The objection that the amended petition changes the cause of action, where the answer to the original petition is refiled without objection, will not be considered in the supreme court for the first time.

2. ———. Nor will a ruling in favor of the party appealing be reviewed in the appellate court.

3. **Statutes:** EXTRA TERRITORIAL EFFECT OF. Legislative acts cannot and will not be presumed to have extra territorial effect.

4. **Federal Constitution:** REGULATION OF COMMERCE: INTERSTATE SHIPMENTS OF SHEEP: STATUTE. The act of the legislature of Missouri of March 18, 1881 (Laws, p. 83), requiring railroad companies to furnish double-decked cars for the shipment of sheep and providing a penalty for failing to do so, so far as attempted to be applied to interstate shipments, would be a regulation of commerce and violative of the federal constitution. (Art. 1, sec. 8.)

'100 435
118 334

*Appeal from Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

REVERSED.

*George S. Grover* for appellant.

(1) The amended petition changed the cause of action, and should, therefore, have been stricken out.

R. S. 1879, sec. 3567. (2) The statute relied on for recovery has no extra territorial force, and does not apply to shipments from a point within to a point without the state of Missouri. Sess. Acts, Mo. 1881, p. 83; *Gilbreath v. Bunce*, 65 Mo. 349; *Vawter v. Railroad*, 84 Mo. 679, and cases cited in brief of appellant; *Hyde v. Railroad*, 61 Iowa, 441; 2 Rorer on Railroads, p. 1149, and cases cited; 3 Wood on Railway Law, sec. 411, p. 1532, and cases cited; Rorer on Inter-State Laws, pp. 149 to 154, and cases cited; *Branley v. Railroad*, 12 C. B. (N. S.) 63; *Merrill v. Railroad*, 21 Am. & Eng. R. R. Cases, 48, and cases cited. (3) If, as held by the court below, this statute applies to an inter-state shipment, then it is a regulation of commerce, and, as such, is a violation of section 8 of article 1 of the constitution of the United States. *Gibbons v. Ogden*, 9 Wheaton, 1; *Brown v. Maryland*, 12 Wheaton, 419; *Passenger Cases*, 7 Howard, 283; *The Daniel Ball*, 10 Wallace, 557; *Ward v. Maryland*, 12 Wallace, 418; *State Freight Tax Cases*, 15 Wallace, 232; *Welton v. Missouri*, 91 U. S. 275; *Henderson v. New York*, 92 U. S. 259; *Inman Steamship Co. v. Tinker*, 94 U. S. 238; *Foster v. New Orleans*, 94 U. S. 246; *Railroad v. Husem*, 95 U. S. 465; *Hall v. DeCuir*, 95 U. S. 485; *P. T. Co. v. Tel. Co.*, 96 U. S. 1; *Lord v. Steamship Co.*, 102 U. S. 544; *Webber v. Virginia*, 103 U. S. 351; *Tel. Co. v. Texas*, 105 U. S. 460; *People v. Compagnie Generale*, 107 U. S. 59; *Moran v. New Orleans*, 112 U. S. 69; *Head Money Cases*, 112 U. S. 580; *Mfg. Co. v. Ferguson*, 113 U. S. 727; *Gilmore v. Railroad*, 67 Mo. 323.

*Sears & Guthrie* for respondent.

SHERWOOD, J.—The second count of the petition is as follows:

"2. Plaintiff, for another and further cause of action, states that the defendant, in shipping said sheep

as aforesaid, placed and carried them in twelve single-decked cars, and failed and refused and neglected to furnish plaintiff with double-decked cars as it was its lawful duty to do, and the defendant in violation of the statute in such cases made and provided charged and collected of plaintiff for the carrying of said sheep from said La Plata, Missouri, to East St. Louis, Illinois, at the rate of twenty-five dollars per car for twelve cars, making the sum of three hundred dollars received by the defendant for the transportation of said sheep, which was the full legal rate of freight allowed for the shipment of stock and was one hundred and fifty dollars in excess of the amount that the defendant could lawfully charge for such transportation of said sheep in a single-decked car.

"Wherefore, the plaintiff says an action hath accrued to him to have and recover of defendant the sum of one hundred and fifty dollars, the excess so charged as aforesaid, for which plaintiff demands judgment."

This count is based upon the statute entitled "An act to require railroad companies to furnish double-decked cars for the shipment of sheep, and providing a penalty for failing so to do." Approved, March 18, 1881.

A trial by the court without the intervention of a jury resulted in a judgment for plaintiff in the sum of one hundred and five dollars, which caused an appeal by the defendant to the Kansas City court of appeals, from which court the cause was transferred to this court on a jurisdictional ground. Other points are unnecessary to be set forth now, as they will be sufficiently stated in the opinion.

I. The second count of the original petition charged that the contract was made to ship the sheep from La Plata, Missouri, to St. Louis, Missouri; but the amended petition charged the contract was to ship the sheep from La Plata, this state, to *East St. Louis, Illinois*. And upon this it is claimed that there was a change

in plaintiff's cause of action. This point need not be discussed because it appears that the answer of the defendant to the original petition was considered as refiled to the amended petition, and, this being done without objection, cannot be objected to here for the first time. Nor need the action of the trial court as to plaintiff's first count be considered, seeing that it was in favor of the defendant, and the plaintiff does not appeal.

The statutory provisions upon which this action is brought are as follows:

"Section 1. All railroad companies, private companies or individuals, owning or operating a railroad or railroads in the state of Missouri, are required to furnish a sufficient number of double-decked cars for the shipment of sheep to supply the demand for such cars on their respective lines, and to allow shippers to load both decks in said cars with sheep to the aggregate extent of twenty thousand (20,000) pounds, which cars, so loaded, shall be received and transported by such railroad companies, or private companies or individuals, as one carload of stock, and it shall not be lawful for said railroad companies, private companies or individuals to charge or receive for the transportation of a double-decked car of sheep more than the legal rate of freight allowed for the shipment of stock.

"Section 2. Should any railroad company, or private company or individuals, owning or operating a railroad or railroads in the state of Missouri, refuse or neglect to furnish cars as provided in the preceding section, it shall not be lawful for them to charge or receive for the transportation of a car of sheep more than one-half the legal rate of freight allowed for the shipment of stock."

It will not be contended that this statute was to have any extra territorial force, since this would be beyond the power of the legislature of this state. General presumptions of this sort always attend legislative acts.

The State ex rel. Atty. Gen. v. Miller.

*Merrill v. Railroad*, 21 Am. & Eng. R. R. Cases, 48, and cases cited; 2 Rorer on Railroads, 1151; Rorer, Inter-State Laws, 149 to 154.

II. But, if, as held by the trial court, the statute under discussion can be held to apply to interstate shipments, then it is an attempted regulation of commerce, and violates article 1, section 8, of the constitution of the United States. *Gibbons v. Ogden*, 9 Wheaton, 1; *Welton v. Missouri*, 91 U. S. 275; *Railroad v. Husen*, 95 U. S. 465; *Hall v. De Cuir*, 95 U. S. 485; *Cooper Mfg. Co. v. Ferguson*, 113 U. S. 727; *Hardy v. Railroad*, 18 Am. & Eng. R. R. Cases, 432, and cases cited; *Caeton v. Railroad*, 59 Iowa, 148; *Louisville and N. Ry. Co. v. Commissioners*, 16 Am. & Eng. R. R. Cases, 1.

"The legislative authority of every state must spend its force within the territorial limits of the state." Cooley's Const. Lim. 151.

Controlled by these considerations we reverse the judgment. All concur