BOGGESS, *Plaintiff in Error*, v. THE METROPOLITAN STREET RAILWAY COMPANY.

### Division One, November 27, 1893.

1. **Personal Injuries**: APPEAL: INSTRUCTIONS: HARMLESS ERROR: Error of the trial court in its instructions, but not on the question of the measure of damages, will not constitute reversible error on plaintiff's appeal in an action for personal injuries where the verdict was for him and substantial damages were awarded.

2. ———: ———: ———: ———. A judgment will not be reversed, except for errors materially affecting the merits of the action.

3. ———: DIMINUTION OF DAMAGES: INTOXICATING LIQUOR. Defendant may show, under the general issue in an action for damages, that the injury was increased by plaintiff's continued use of intoxicating liquors.

4. **Practice:** MISSTATEMENT OF COUNSEL: INSTRUCTION. Where counsel in his argument erroneously states that certain witnesses were persons of bad repute, the court may correct the statement by an instruction.

.5. ———: INSTRUCTIONS: STATUTE. Revised Statutes, 1889, section 2188, providing that the court may instruct the jury "when the evidence is concluded and before the case is argued," does not prevent the giving of instructions after the argument of the case by counsel where the ends of justice require it.

'6. **Personal Injuries:** INADEQUACY OF DAMAGES: APPELLATE PRACTICE. Where in an action for personal injuries the verdict for plaintiff is so grossly inadequate as to indicate that it must have been the result of passion, prejudice or partiality, the judgment will be reversed and a new trial awarded, the rule in this respect being the same as when the damages are grossly excessive.

7. ———: ———: ———. Where, however, the evidence as to the the extent of plaintiff's injuries is conflicting and the damages recovered are substantial, the supreme court will not interfere.

*Error to Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

AFFIRMED.

*L. H. Waters* and *Eugene Pearson* for plaintiff in error.

(1) The court erred in refusing instructions asked by plaintiff, numbered 1 to 7 inclusive, and also erred in giving instructions 1 to 15 of its own motion. (2) The law presumes that plaintiff was free from negligence, and in the exercise of ordinary care.at the time of the injury; there was no evidence to the contrary. Hence the court erred in giving the instruction numbered 13. *Buesching v. Gaslight Co.*, 73 Mo. 219; *Fairgrieve v. Moberly*, 29 Mo. App. 141; *Craighead v. Wells*, 21 Mo. 404; *Carlisle v. Hill*, 16 Ala. 398; *Donovan v. Railroad*, 89 Mo. 150; *Huckshold v. Railroad*, 90 Mo. 584. (3) The court erred in giving the instruction numbered 11. It had no application to any issue in the case and is a mere abstraction—platitude. *Fair-*

*grieve v. Moberly*, 29 Mo. App. 141; *State v. Brown*, 67 N. C. 442; McQuillin's Dig. 261, sec. 65; 262, sec. 83. (4) The eighth instruction is wrong; the jury had no right to assume any fact, and the court had no right to tell them that they must assume a material fact in the case. *King v. King*, 37 Ga. 205; *Peck v. Richie*, 66 Mo. 114; *Chouquette v. Barada*, 28 Mo. 491; *Moffatt v. Conklin*, 35 Mo. 453; *Merritt v. Given*, 34 Mo. 98. (5) The court erred in giving too many instructions; they were calculated to confuse and mislead, rather than enlighten or instruct the jury. *State v. Floyd*, 15 Mo. 349; *Cole v. Thomas*, 17 Mo. 332; *Talbott v. Mearns*, 21 Mo. 427; McQuillin's Dig. 264, sec. 123. (6) The court erred in giving instruction numbered 15 after the argument to the jury had begun. It is the province of the court to instruct the jury at the close of the evidence, before the argument, not thereafter. 1 General Statutes, 1889, sec. 2188. (7) Defendant was bound to so construct and maintain its pits and the coverings thereof, in said street, as to meet all the exigencies of the ordinary lawful uses thereof. *Fash v. Railroad*, 1 Daly, 148. (8) The damages awarded are wholly inadequate; the incurability of the injury and the necessity of going on crutches from fifty-eight years of age to death—probably, according to mortuary tables, 15.4 years—could not be compensated with $1,000. It is hardly probable that a well-organized, respectable tramp could be employed by contract to go on crutches and board himself for $1.50 per day, $547.50 per annum. Multiply that sum by the number of years of expectancy and we have a means of estimating on a basis of reason and experience, the damages the plaintiff sustained. The award of $1,000 damages, under such circumstances, is simply adding insult to injury. 2 Thompson on Negligence, p. 1266, sec. 58. *Fairgrieve v. Moberly*, 29 Mo. App. 141; *Townsend v. Briggs*, 26 Pac. Rep. 108.

*Pratt, Ferry & Hagerman* for defendant in error.

(1) Plaintiff having recovered substantial damages could not have been prejudiced by any ruling made bearing upon the right to recover, simply because he has recovered. *Gregory v. Chambers*, 78 Mo. 294; *Pritchard v. Hewitt*, 91 Mo. 547; *Carrington v. Railroad*, 6 S. Rep. 910; *Donovan v. Railroad*, 79 Ala. 429. (2) The damages as found by the jury were adequate. (3) The appellate court only interferes on such questions when the passion or prejudice of the jury has intervened. *Fairgrieve v. Moberly*, 29 Mo. 141; *Gregory v. Chambers*, 78 Mo. 294; *Watson v. Harmon*, 85 Mo. 443; *Pritchard v. Hewitt*, 91 Mo. 547. (4) The evidence bearing on the question of plaintiff's intoxication to diminish the damages, was admissible under the general denial in the answer. 1 Sedgwick on Damages [8 Ed.], secs. 202, 204, 214; 1 Sutherland on Damages, 237, 238; Bliss on Code Pleading, sec. 329; *Cousins v. Railroad*, 66 Mo. 572. The evidence having been admitted without objection, error as to it cannot be assigned by a general exception to an instruction. *Mellor v. Railroad*, 105 Mo. 455. (5) Instructions can be given after argument begins and even after the jury has retired. *Clusky v. St. Louis*, 50 Mo. 89; *Dowzelot v. Rawlings*, 58 Mo. 75, 78; *State v. Miller*, 100 Mo. 623; *Willmott v. Corrigan Cons. Co.*, 16 S. W. Rep. 500; s. c., 106 Mo. 535, 547.

BRACE J.—This is an action for damages for personal injuries in which the plaintiff obtained a verdict and judgment for $1,000, to reverse which he brings the case here by writ of error.

The substantial averments of the petition are that the defendant is a corporation operating a cable street railway on and along Main and other streets in the City

of Kansas; that on the twenty-third of January, 1890, while the plaintiff was passing over the defendant's track on Main street, he stepped upon the covering of a pit or manhole, maintained by the defendant between its tracks for the purposes of its railway, which covering "slipped and turned and he was thereby thrown down and caused to fall into said opening and was thereby bruised, wounded and injured in his right foot and ankle," by reason of which injuries he was confined to his room and bed for two months, expended large sums of money for care and medical treatment and underwent great pain and suffering in mind and body to his damage in the sum of $20,000. The specific negligence charged, was that said cover was constructed to rest upon a rabbet inside of a frame, and that the defendant at the time of the accident had failed to have the same properly inspected, and had permitted dirt and other material to collect around the inside of the upper part of said frame and along and upon said rabbet by reason of which the said covering would not, and did not, rest upon said rabbet, but was then and there loose and insecure and liable to slip and turn when stepped upon by any person passing over the same.

The answer was a general denial and a plea of contributory negligence, upon which issue was joined by reply.

The evidence for the plaintiff tended to prove that the plaintiff was injured in the manner charged in the petition, and the negligence of defendant as therein charged; that the defendant by reason of his injuries was confined to his room over fifty days, suffered sharp pain in his ankle and foot at the time and ever since, took medicine to alleviate the pain and to induce sleep for four or five weeks; that some of the ligaments were torn and blood vessels injured, some ruptured—no

bones were broken—the most serious trouble being in the ankle joint; that the injury was permanent and he would always have to use a crutch or cane.

The evidence for the defendant tended to prove that the defendant was not guilty of neligence; that the track was properly inspected; that there was no accumulation of dirt or other material as alleged, and that the cover was displaced by a heavy team passing over the same immediately before the accident, and that the injury was not serious. There was no evidence tending to prove contributory negligence, nor expense for medicine or medical attendance, nor of the value of time lost; and there was evidence tending to prove that the plaintiff attended regularly to his business as a lawyer after April 1890.

I. Upon the question of the plaintiff's right to recover, the court gave many instructions and refused several asked for the plaintiff. The action of the court in giving and refusing these instructions is assigned as error, and a large part of plaintiff's brief is devoted to the demonstration of these errors. Conceding for the sake of the argument that the court did commit such error in respect of these instructions as would require a reversal of the case if the verdict had been against the plaintiff, ought they to so operate when the verdict, despite such errors, was in his favor and for substantial damages?

The instructions now under consideration did not go to the question of damages at all, but were confined to the issues involving plaintiff's right to recover. Those issues were all found for the plaintiff. The verdict established his right to recover. How, then, is he prejudiced by those errors? The plaintiff has no right to complain that the verdict was in his favor; he does not, in fact, so complain; the whole burden of his complaint is, and can only be, that, having been so

found, the jury gave him inadequate damages for his injuries, and of any error tending to produce this result he has a right to complain; but not of errors prejudicial only to his right to recover, when in fact he does recover. The appellate courts of this state are prohibited by statute from reversing the judgment of any court, except for error committed by such court materially affecting the merits of the action. Revised Statutes, 1889, sec. 2303. And this court has uniformly disregarded such errors as produce no injury. *Gregory v. Chambers*, 78 Mo. 294; *Pritchard v. Hewitt*, 91 Mo. 547; *St. Louis v. Lanigan*, 97 Mo. 175; *Stanley v. Railroad*, 100 Mo. 435; *McGuire v. Nugent*, 103 Mo. 161; *Green v. St. Louis*, 106 Mo. 454.

In *Pitchard v. Hewitt, supra,* we said: "The refused instructions numbered 7 and 8, asked for by the plaintiff, and the instruction given by the court for the defendant, were all upon the issue joined upon defendant's plea, that plaintiff first assaulted him, and that in resisting that assault, he used no more force than was necessary to resist such assault and protect himself from great personal injury, and as that issue was found for the plaintiff by the jury, no harm resulted to him from the action of the court in that behalf, even though it be conceded that plaintiff's refused instructions were correct, and that the one given for the defendant is obnoxious to the criticism placed upon it. The action of the court in giving the one and in refusing the others would, therefore, be no ground for reversal."

And such seems to be the rule elsewhere independent of statute. *Donovan v. Railroad*, 79 Ala. 429; *Carrington v. Railroad*, 6 S. Rep. 910. The following remarks of SOMERVILLE, J., in the latter case are apposite to the case in hand: "It is perfectly apparent, upon the whole record, that this finding of the jury necessarily determined every issue raised in favor of the

plaintiff, excepting alone the issues affecting the amount of recovery.  They manifestly decided that the defendant was guilty of culpable negligence, for which it was liable in damages to the plaintiff.  They decided, likewise, that the deceased was not guilty of contributory negligence in any particular which would bar a recovery by his personal representative.  The only matter as to which the plaintiff in the court below, who is the appellant here, can or does complain is, as we have said, the amount of the recovery.  He maintains that the jury should have found a verdict for a larger sum than $500.  In this aspect of the record we have a direct authority in the case of *Donovan v. Railroad*, 79 Ala. 429, for the proposition that we will not consider as reversible error any ruling of the primary court bearing merely on the naked question of the defendant's liability, and not affecting the amount of damages recovered, however erroneous it may be in fact, because, if error, such ruling is error without injury to the plaintiff."

Such being the law, we will pass to the consideration of the only substantial ground of complaint—the amount of the damages.

II. The court gave only two instructions directly upon the question of damages as follows:

"12. If the plaintiff conducted himself imprudently by imprudently drinking, thereby increasing his trouble and difficulty of being cured, he must take the consequences of such action, and cannot charge the defendant therewith."

"14. If the jury find the issues submitted in the instructions for plaintiff, they will assess his damage at such sum, not exceeding $20,000, as they believe from the evidence will be a fair compensation to him for the pain and suffering of mind and body that he has already endured on account of the alleged injury,

and such as he is reasonably likely to suffer therefrom in the future, and for any permanent physical disability of the right foot, ankle or leg, if any, which the jury may believe from the evidence the plaintiff has sustained by reason of such injuries, but, inasmuch as no amount of medical bill has been shown by the evidence to have been incurred by plaintiff, and no specific value for his alleged loss of time, if the jury allow plaintiff for these items, they can only give him a nominal amount for each of them."

Two objections are urged to the first of these instructions: *First*, that there was no evidence upon which to base it; and *second*, that it was not within the issue of the pleadings. The plaintiff himself testified that he was a habitual drinker of intoxicants, and that he continued the practice after he was injured, and that once or twice he was slightly intoxicated; and two physicians testified that the drinking of liquor was "detrimental to the condition of healing;" "detrimental to the restoration of the tissues," while there was evidence on the other side tending to prove that the continuance of the practice by one who was in the habit thereof was not so detrimental. This was a question for the jury, and there was evidence upon which to instruct upon the subject. We think this evidence was admissible under the general denial.

In a recent work on damages it is said: "The acts and negligences of the plaintiff which have enhanced the injury resulting from the defendant's act or neglect may be shown in mitigation of damages. The defendant is liable for the natural and proximate consequences of his violations of contract and of his wrongful acts; but if the plaintiff has rendered these consequences more severe to himself by some voluntary act which it was his duty to refrain from, or if by his neglect to exert himself reasonably to limit the injury

and prevent damage, in the cases in which the law imposes that duty, and thereby he suffers additional injury from the defendant's act, evidence is admissible in mitigation to ascertain to what extent the damages claimed are to be attributed to such acts or omissions of the plaintiff." 1 Sutherland on Damages [2 Ed.], sec. 155, p. 299.

Sedgwick reaches the same result by a somewhat different mode of reasoning. He says in his work on Damages [8 Ed.], sec. 201: "The same principle which refuses to take into consideration any but the direct consequences of the illegal act is applied to limit the damages where the plaintiff, by using reasonable precautions, could have reduced them." * * * Sec. 202. "It is frequently said that it is the *duty* of the plaintiff to reduce the damages as far as possible. It is more correct to say that, by consequences which the plaintiff, acting as prudent men ordinarily do, can avoid, he is not legally damaged. Such consequences can hardly be the direct or natural consequences of the defendant's wrong. * * * *Ad hoc* he is not damaged by the defendant's act, but by his own negligence or indifference to consequences." * * * Sec. 203. "The observance of the rule by the plaintiff will not always have the effect of reducing the damages; it may even enhance them." * * * Sec. 204. "The application of the doctrine of contributory negligence and of that of avoidable consequences often produce results that closely resemble each other; but there is a distinction between the two. Contributory negligence defeats the action itself. The rule of avoidable consequences can never produce this result, as it cannot be applied until a cause of action, which, in any event, will entitle the party injured to nominal damages, has arisen. The rule, therefore, is really a rule of limita-

tion upon the plaintiff's recovery. Nor is it properly to be regarded as a species of mitigation of damages.''

. Whichever line of reasoning be adopted, the result is the same. The acts of the plaintiff tending to enhance the injury are admissible in evidence to reduce the amount of the damages under the general issue, whether considered as in mitigation or as a rule of limitation of damages (see, also, Bliss on Code Pleading [1 Ed.], sec. 329; *Cousins v. Railroad*, 66 Mo. 572; *Young v. City of Kansas*, 27 Mo. App. 101); and so counsel seemed to think when the evidence was offered, as no objection was then made to its admission; and it would seem he ought now to be precluded from objecting to an instruction upon it for that reason. *Mellor v. Railroad*, 105 Mo. 456. It follows that there was no error in giving said instruction number 12.

III. Instruction 14 was a modification of instruction number 4, asked by the plaintiff, made by merely eliminating from that instruction the right to allow damages for time and lost medical expenses. Before making the modification the court inquired of counsel for the plaintiff whether there was any evidence of expenditures for medical services, or of the value of time lost; and he replied there was not, and thereupon the instruction was modified in the manner stated. There was no such evidence, as the record here shows, and there was no error in this action of the court.

IV. During the argument of counsel for plaintiff to the jury, he stated to them that the witnesses of the defendant who had testified as to the cause of the removal of the cover of the manhole in question, were of bad repute. To this statement counsel for defendant objected, and his objection was sustained by the court; and thereupon counsel for plaintiff continuing his argument stated to the jury that he had a right to comment

upon the conduct and the manner of the witnesses while giving their evidence, and that the jury had the right to take that into consideration.    The court thereupon of its own motion gave the following instruction: "The court instructs the jury, that, in determining the credibility of any witness, the jury have the right to take into consideration the conduct and manner of the witness while on the witness stand, and all the credible evidence in the case, as asserted by counsel for plaintiff; but there is no evidence that any witness in the case was of bad repute.   The jury will, therefore, disregard the assertion of such attorney that any witness is of bad repute."

The assertion in this instruction that there was no evidence that any witness in the case was of bad repute, is borne out by the record, and the only point made against the instruction is, that it was given after the argument to the jury had begun.   (Revised Statutes, 1889, sec. 2188).   The statute does not prohibit the giving instructions after the argument has been commenced, or even after the jury has retired; and we have repeatedly held that the court may do so in a proper case when the demands of justice require it. *Dowzelot v. Rawlings*, 58 Mo. 75; *State v. Williams*, 69 Mo. 110; *State v. Miller*, 100 Mo. 606; *Wilkinson v. Dock Co.*, 102 Mo. 130; *Willmott v. Railroad*, 106 Mo. 535.

V.  The last ground urged for reversal is, that the damages awarded by the jury are so inadequate as to shock the sense of justice of the judicial mind, and indicate that the verdict must have been the result of passion, prejudice or partiality.   If such were the case, the judgment ought to be reversed and the cause remanded for new trial, the rule in this respect being the same when the damages allowed in action *in tort* are so grossly inadequate as when they are so grossly

excessive.    3 Sedgwick on Damages [8 Ed.], sec. 1326; 1 Graham and Waterman on New Trials [2 Ed.], star p. 452; *Gregory v. Chambers*, 78 Mo. 294; *Whitsett v. Ransom*, 79 Mo. 258; *Pritchard v. Hewitt*, 91 Mo. 547; *Welch v. McAllister*, 13 Mo. App. 89; *Fairgrieve v. Moberly*, 29 Mo. App. 141.

The evidence as to the extent of the defendant's injuries was conflicting.    The damages are substantial. It was the peculiar province of the jury to assess the amount, and their judgment upon the matter is not such as to shock our sense of justice or to force on our minds the conviction that their verdict was the result of passion, partiality or prejudice, and it must stand. The judgment is, therefore, affirmed.    All concur, except BARCLAY, J., who dissents to the fifth paragraph only, for reasons which he will state in a separate opinion.

BARCLAY, J., (*concurring*).—The assessment of a proper sum as compensation for pain and suffering, in an action at law, involves the decision of a question of fact, and as such it belongs to the triers of fact, subject to review by the trial judge, under the constitution of Missouri, which attempts to preserve inviolate the right of trial by jury.

The nature of the issue as one of fact is not changed by reason of the extent of error which the trial court may make respecting it.    So the law has been declared in many jurisdictions governed by constitutional principles similar to our own.

The supreme court of the United States (in *Railroad v. Fraloff*, (1879) 100 U. S. 31) has said:

"No error of law appearing upon the record, this court cannot reverse the judgment because, upon examination of the evidence, we may be of the opinion that the jury should have returned a verdict for a less

:amount. If the jury acted upon a gross mistake of facts, or *were governed by some improper influence or bias*, the remedy therefor rested with the court below, under its general power to set aside the verdict. But that court finding that the verdict was abundantly sustained by the evidence, and that there was no ground to suppose that the jury had not performed their duty impartially and justly, refused to disturb the verdict, and overruled a motion for new trial. Whether its action, in that particular, was erroneous or not, our power is restricted by the constitution to the determination of the questions of law arising upon the record. Our authority does not extend to a re-examination of facts which have been tried by the jury under instructions correctly defining the legal rights of parties."

To the same purport are many other precedents, of which but a few will be cited. *Hovey v. Brown* (1879), 59 N. H. 114; *Nelson v. Railroad* (1886), 13 Ore. 141; *Chicago Cab Co. v. Havelick* (1889), 131 Ill. 179; *Hunn v. Railroad* (1889), 78 Mich. 513; *Steele v. Railroad* (1878), 11 S. C. 589; *Vallo v. Express Co.* (1892), 147 Penn. St. 404; *Link v. Sheldon* (1892), 136 N. Y. 5.

It is unnecessary now to go further by way of indicating my nonconcurrence in so much of the last paragraph of the opinion of my learned brother BRACE as intimates the right of the supreme court to review findings of fact as to the amount of damages in actions of this sort. The judgment in the case at bar has not been disturbed, and that conclusion is in accord with the views just stated.