Leahy v. Davis.

## LEAHY et al., Appellants, v. DAVIS et al.

### Division Two, March 24, 1894.

1. **Negligence**: PERSONAL INJURIES: DEATH OF MINOR: EXEMPLARY DAMAGES. In an action by parents for the wrongful death of their minor son, where there is no allegation of willful or wanton injury and no evidence to support such a charge and no proof of aggravating circumstances attending the accident, exemplary or punitive damages can not be recovered.

2. ———: ———: ———: MEASURE OF DAMAGES. The measure of a parent's damages for the loss of a minor child is the value of the child's services during his minority, and burial and other expenses, if any, incurred by his death or sickness, less the expense of his support during that time. No damages can be allowed by way of *solatium* for mental anguish or distress or loss of society of the child.

3. **Practice in Supreme Court**: SETTING ASIDE VERDICT. The supreme court will not set aside a verdict because excessive or insufficient, unless it is evidently the result of prejudice, passion or corruption.

4. **Negligence**: DEATH OF MINOR: DAMAGES: VERDICT. A verdict, in an action for the death of a minor, for $55 more than the funeral expenses will not be set aside in the supreme court because inadequate, where all that appeared was that he was seventeen years of age and for two or three months had earned $7.50 a week.

*Appeal from St. Louis County Circuit Court.*—HON. W. W. EDWARDS, Judge.

AFFIRMED.

*H. A. Loevy* for appellants.

(1) *First.* The verdict as to amount of damages is against the law, the uncontradicted evidence and weight of evidence. *Second.* The jury disregarded the evidence in determining the amount of damages.

*Lionberger v. Pohlman*, 16 Mo. App. 398; *Borgraefe case*, 22 Mo. App. 148; *Reichenbach case*, 22 S. W. Rep. 573. *Third*, the damages are grossly inadequate. *Schultz v. Moon*, 33 Mo. App. 341; *Bishop v. Mayor*, 7 Ga. 303; *Franke v. St. Louis*, 110 Mo. 516; *Falvey v. Stanford*, L. R. 10 Q. B. 54; *James v. Railroad*, 9 S. Rep. 335; Sedg. on Meas. Dam., p. 661, note; *Robbins v. Railroad*, 7 Bosw. 1; *Marini v. Railroad*, 52 Q. B. D. (9 Cent. L. J.) 36; *Cowles v. Watson*, 7 Hun, 41; 1 Sutherland on Damages, 810; *McDonald v. Walter*, 40 N. Y. 551; *Fairgrieve v. Moberly*, 29 Mo. App. 150; *Todd v. Douglas*, 7 Jur. (N. S.) 1029; *Webb v. Co.*, 29 Pac. Rep. 981. (2) The court erred in refusing plaintiff's instruction. They maintain that respondents, by reason of the exposed situation of the door of the elevator shaft and their neglect and that of their employees, Tobin and Hirth, to give any notice or warning to Dennis or the public in general of the proximity of the pitfall have been guilty of such gross negligence as to have made themselves liable to punitive damages. *Perkins v. Railroad*, 55 Mo. 213; *Klingman v. Holmes*, 54 Mo. 304; *Beck v. Dowell*, 111 Mo. 509. Exemplary damages are allowed where there is "an entire want of care which would raise the presumption of a conscious indifference to consequences." *Newman v. Co.*, 2 Mo. App. 407; *Shuford case*, 72 Tex. 165; *Grodley case*, 52 Tex. 600. So, in case of gross negligence. *Franz v. Hilterbrand*, 45 Mo. 123; *Green v. Alden*, 61 Pa. St. 642; *Moibus v. Dodge*, 38 Wis. 300; *Austin v. Wilson*, 50 Am. Dec. 766 (note, p. 767); 5 Am. and Eng. Encyclopedia of Law, p. 21, 22; *Co. v. Johnson*, 72 Tex. 95; *Co. v. McLendon*, 63 Ala. 266; *Buckley v. Knapp*, 48 Mo. 162; *Taylor v. Co.*, 48 N. H. 304; *Caldwell v. Co.*, 47 N. Y. (2 Sick.) 282; *Kuntz v. Brown*, 16 B. Mon. 577; *Cochran v. Miller*, 13 Iowa, 128; *Co. v. Kessler*, 18 Kan. 523; *Wilkson v. Drew*, 75

Mo. 360; *Co. v. Way*, 83 Ala. 542; *Quinn v. Co.*, 1 L. R. A., 682.

*Eben Richards* for respondents.

(1) The instructions of the court were more favorable to plaintiffs than the law and evidence in the case justified. (2) *First*. The question of damages is peculiarly the province of the jury and their verdict will not be disturbed except in extreme cases. *Pritchett v. Hewitt*, 91 Mo. 547; *Brown v. Railroad*, 51 Mo. App. 192. *Second*. Loss of society and mental anguish are not elements of damage in this case. *Parsons v. Railroad*, 94 Mo. 286. *Third*. Exemplary damages can not be allowed in this case. *Pruett v. Quarry Co.*, 33 Mo. App. 18; *Trauerman v. Lippincott*, 39 Mo. App. 478, and other cases cited. *Fourth*. The net value of the services of their son up to the time of his majority is the measure of plaintiff's damages. *Fifth*. Mitigating circumstances may be taken into account by the jury. R. S. 1889, sec. 4427. *Sixth*. Many similar cases might be cited which have been reversed because the judgment was excessive. See *Hart v. Railroad*, 94 Mo. 255; *Railroad v. Barker*, 33 Ark. 369; *Schultz v. Moon*, 33 Mo. App. 342. (3) Under the pleadings and evidence of this case plaintiffs were not entitled to recover and the court should have so instructed the jury. But, as defendants have not appealed, this court will simply affirm the judgment. *Overholt v. Vieths*, 93 Mo. 422.

GANTT, P. J.—This is an action for damages by plaintiffs for alleged negligence of defendants, resulting in the death of their son, Dennis J. Leahy, who, at the time of his death, was sixteen years and ten months old. Defendants are partners conducting a wholesale dry goods business in the city of St. Louis under the firm name of Samuel C. Davis & Company.

The negligence complained of consisted in the construction and maintenance of the doors to the freight elevator, by which freight was discharged. This elevator ran in a shaft from the basement to the fifth floor of the business house of defendants, and was in the rear of the building, along which ran an alley. To facilitate shipments of goods, defendants had built a platform about twenty-five feet long, six or eight feet wide and three feet above the alley. This platform was on a level with the bottom of the east elevator door opening on the alley. This door and elevator was used for discharging goods. The door was eight or nine feet high by seven feet wide, and was operated by weights and worked in a groove up and down. On the outside was a knob and a groove for the hand by which the door was lowered or raised as occasion required. The hole of the shaft was about one foot in from the outside of the wall. At the east end of the platform defendants had a small wooden structure for their shipping clerk's office, extending six or seven feet into the alley outside of their building.

On the twelfth day of April, 1890, about five o'clock in the afternoon Dennis Leahy, a boy nearly seventeen years old, employed as a teamster by the Udell Crunden Wooden Ware Company, having been directed by his employers to deliver a baby buggy to defendants' store, drove into the alley in the rear of the building and deposited the buggy on the platform. Tobin, a porter in the store was just about to close the gate or door at the western entrance to the store and stopped long enough to ask Dennis if he had anything for the house. He answered, "No, I have got something for Davis." Tobin directed him to leave the buggy on the platform and see the shipping clerk. Tobin then left. Dennis started towards the shipping office. He next saw Dennis lying in the basement unconscious from a fall.

Mr. Hirth, who was stock clerk at the time, for defendants, was sitting in the window looking down on the alley. He saw Dennis get on the platform, go to the door of the elevator, stoop down and raise the door. It took a strong lift to raise it. He next saw him lying at the bottom of the shaft, into which he had stepped and fallen. This door of the elevator is right adjoining the shipping clerk's office.

Plaintiffs recovered a judgment for $175, from which they have appealed.

The grounds assigned for a new trial were the inadequacy of the damages awarded, and the refusal of the court to instruct the jury that they might award plaintiffs punitive or exemplary damages as follows:

"If you believe and find from the evidence that defendants and their employees during their usual business hours did not lock or fasten the door of the elevator shaft which plaintiffs' son opened, and did not keep it locked or fastened when the elevator was not being used and that they or their employees did not give to persons who might have business with them, and for that purpose came upon said premises, verbal or written notice or warning that said door was the door to the elevator shaft, and not the door for entrance to their place of business, and that it was a pitfall or place of danger, and that it was dangerous for him to open said door, and that they did not properly fence or guard said shaft so as to prevent injury to persons unaccustomed to said premises who might open said door and attempt to pass through said doorway, and that the door of said shaft which he opened is close to two doors in defendants' building, which are doors used as entrance thereto, then the defendants have been guilty of such wrongful negligence and default as evinced a conscious disregard of the rights of said Dennis John Leahy, and

plaintiffs are entitled to recover damages from them as a punishment or example for their said neglect or default.''

There is no entrance to the floor of the building opening onto the platform in the alley. The entrances to the building are all on a level with the alley west of the platform except the door to the little shipping office which is just east of the platform.

Plaintiffs maintain that there was nothing to indicate to their son that there was an open unguarded shaft back of the door; whereas defendants insist that the fact that the door worked up and down in grooves; was shut and closed when plaintiffs' son came to it; that it was open daylight and by ordinary care, he could have seen it; and the fact that it opened up on the platform, three feet higher than the floor of the building, which Dennis, plaintiffs' son, could have seen through the door in which Tobin was standing, all gave notice that this was not a business entrance to the store, and but for his hurried, careless and negligent act in raising the door, and walking forward without looking, he would not have been hurt.

I. There is no allegation of willful or wanton injury to plaintiff's son, nor is there any evidence to support such a charge in the proofs submitted, nor was there such gross negligence as would have justified an instruction for exemplary or punitive damages, and the court very properly declined to give the instruction prayed for by plaintiffs to that effect. *Franz v. Hilterbrand*, 45 Mo. 121; *Graham v. Railroad*, 66 Mo. 536; *Seibel v. Siemon*, 72 Mo. 526; *Brown v. Railroad*, 89 Mo. 152; *Parsons v. Railroad*, 94 Mo. 286.

II. Plaintiffs' counsel with great pertinacity urges that the damages awarded his clients are grossly inadequate; that the verdict shocks the moral sense. The evidence shows that Dennis Leahy, the son who

lost his life by this most unfortunate accident, was within two months of seventeen years old; that he was a teamster earning $7.50 per week. There was no evidence as to what would be reasonable cost of clothing and maintaining this son, nor the condition of his health or his habits of industry or aptitude for business. In *Parsons v. Railroad*, 94 Mo. 286, this court said, "to compensate him (the parent) for this loss and this burden the law allows the parent of such minor substantial damages, and they may be measured by the experience and judgment of the jury, enlightened only by a knowledge of the age, sex, and condition in life of the deceased." The funeral expenses were testified to be $120.

Whatever diversity may exist in the minds of this court as to a proper construction of our damage act as to the proper measure of damages under section 4427, Revised Statutes, 1889, in some cases, so far the rule announced in *Parsons v. Railroad, supra,* has stood unquestioned as to the measure of a parent's damage for loss of a minor child. In that case the measure of a parent's damage for the loss of a minor child was held to be the value of the child's services during his minority, and burial and other expenses, if any, incurred by his death or sickness, less the expense of his support and maintenance during that time. No damages can be allowed by way of *solatium* for mental anguish or distress for the death or loss of society of the child. *Franke v. St. Louis*, 110 Mo. 516.

The court gave an instruction in accordance with the opinion in the *Parsons case* and no exception was taken thereto in the motion for new trial. The trial court was asked to set aside the verdict because the award was grossly inadequate but declined to do so.

Since the case of *Goetz v. Ambs*, 22 Mo. 170, this court has exercised the power of reversing judgments

because verdicts were excessive or inadequate. *Whitsett v. Ransom*, 79 Mo. 258; *Marshall v. Railroad*, 78 Mo. 610; *Waldhier v. Railroad*, 87 Mo. 37; *Boggess v. Railroad*, 118 Mo. 328. In this last cited case, BARCLAY, Judge, dissents and questions the right of this court to reverse a case on the ground that the verdict is excessive or insufficient. It is unnecessary in this case to enter upon the discussion whether the interpretation of its powers announced so long ago by this court, is correct or not. In no case will a verdict be set aside by this court because excessive or insufficient unless it be such as bears evident marks of prejudice, passion or corruption. In *Pritchard v. Hewitt*, 91 Mo. 547, this court said, "the rule is that in personal actions founded upon tort and sounding merely in damages, a new trial will not be granted on the sole ground of smallness of damages," citing with approval, *Gregory v. Chambers*, 78 Mo. 294; *Watson v. Harmon*, 85 Mo. 443. See, also, *Boggess v. Railroad, supra.*

Now, in this case, the facts upon which the verdict was obtained were very meagre. No evidence was given of the boy's health or characteristics, or adaptation to business, or habits of industry and economy. The jury were not advised whether he contributed to the support of the family, or whether he lived with his parents or boarded. All that appeared was his age and the fact that for two to three months he had earned $7.50 a week. The damages were unliquidated, and the plaintiffs left much to the judgment and experience of the jury. There can be no invariable rule in a case like this. One boy, by his habits of industry and economy, may be of substantial pecuniary assistance to his parents. Another equally robust may be utterly thriftless, and a burden. Another may be industrious enough, but absorb all his earnings for his own dress and personal gratification. A jury without the impu-

tation of passion or prejudice might well conclude, in the absence of any more evidence than was furnished in this case, that a boy who earned $30 a month would not be of great pecuniary profit to his parents, after his board, lodging, clothes, and possible medical attendance were deducted therefrom, as to which there was no evidence whatever. And as they were to look into the future in estimating the damages, they might well have considered that there might be many occasions when he would not be employed and allow for loss of time. When so much is left to the discretion and experience of the jury, the court should be very cautious in disturbing their judgment in the absence of any circumstance tending to show they were governed by passion or prejudice.

But an examination of the evidence fails to disclose any reason why these defendants should be punished with a heavy fine because of this most unfortunate accident. There was ample evidence in the character of the door to this elevator to indicate to a young man as old as Dennis Leahy was, that it was not the usual entrance to the store. The very fact that it was closed negatives the negligence alleged. Proprietors of stores are not expected during business hours to lock the doors of their elevators or nail them down. Moreover it appeared that the house in which he was employed had just such an entrance to its elevator, the only difference being, that the Udell Crunden Company had glass lights in theirs. But the evidence put in by plaintiffs shows that Dennis was accosted by Tobin, the porter, and told to go to the shipping clerk. If he did not know how to find the shipping clerk, he had an opportunity then to learn. But more than this, when he raised this door to the elevator, it was broad daylight. As he was required to stop to effect his entrance, *a most unusual way of*

*entering a business house*, he had ample opportunity before entering of seeing that there was nothing before him but the empty shaft.   To walk into it without looking was extreme carelessness.

The trial court would have been ·justified in sustaining a demurrer to the evidence.   The defendant has not appealed but plaintiffs have no ground of complaint.  *Overholt v. Vieths*, 93 Mo. 422.  The judgment is affirmed.   All of this division concur.   :