MEYER, Appellant, v. ST. LOUIS & SUBURBAN RAILWAY COMPANY, Respondent.

St. Louis Court of Appeals, November 15, 1904.

PRACTICE: New Trial: Inadequate Damages: Conflicting Testimony. In an action for damages for injuries inflicted upon the plaintiff while a passenger on one of defendant's cars, by the assault of the defendant's conductor, a verdict for fifty dollars will not be set aside on the ground of inadequacy, where it was in issue whether the conductor was justified in putting plaintiff off his car, but used more force than necessary for such a purpose, and where the injuries were not attended with any serious results.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher,* Judge.

AFFIRMED.

*Hickman P. Rodgers* and *Forest P. Tralles* for appellant.

(1)   Where, in an action for personal injuries, the verdict for plaintiff is so grossly inadequate as to indicate that it must have been the result of passion, prejudice, partiality, fraud or misconduct, the judgment will be reversed and a new trial awarded, the rule in this respect being the same as when the damages are grossly excessive. Boggess v. Railway, 118 Mo. 328, 23 S. W. 159, 24 S. W. 210; Fairgrieve v. Moberly, 29 Mo. App. 141. (2)   It is error in instructions to assume as facts matters concerning the existence of which the evidence is conflicting. Robertson v. Drane, 100 Mo. 273, 13 S. W. 405.

*Jefferson Chandler* and *John Lionberger Davis* for respondent.

REYBURN, J.—In his complaint in this case, plaintiff charged that while a lawful passenger on a car of defendant in due course of transportation after payment of the fare requested of him by the conductor, the servants and agents of defendant operating and in control of said car, without reasonable cause, wantonly, willfully, and maliciously assaulted and beat plaintiff forcibly and violently, and evicted him from the car, and while engaged in ejecting him wantonly, willfully and maliciously kicked and beat him on the head and body with their fists and a deadly weapon, that the manner in which he was ejected from the car was extremely violent and brutal and much more force than was necessary for the purpose was employed, unnecessarily injuring him, and damages both actual and punitive were asked.

The answer united a general denial with the plea that plaintiff was on the car of defendant in a state of intoxication, and when asked by the conductor in course of duty for car fare, in lieu of quietly making payment began and continued to quarrel with him, and in the presence of the other passengers and before ladies, used profane and vulgar language in a loud and angry tone, and assaulted the conductor, who because of such improper conduct undertook to expel him from the car; that plaintiff resisted and whatever force the conductor employed toward plaintiff was such only, as was necessary to put him off the car and in self-protection.

A jury trial was had, involving the examination of numerous witnesses by the opposite parties, and terminating in a verdict for defendant as to punitive damages, but for $50 actual damages in favor of plaintiff, from judgment on which verdict he has appealed, assigning as sole error the refusal of the trial court to set aside the verdict on the ground, that the damages are so inadequate and insufficient as to show that the jury must have acted from passion or prejudice. The testimony was conflicting and contradictory, the wit-

nesses for the plaintiff affirming that the conductor made an unwarranted assault on plaintiff and beat him severely, administering as well severe blows with a deadly weapon described as a "billy" on his face and body, and the witnesses for the defense as positively stating that plaintiff, while intoxicated, was guilty of disorderly conduct and provoked the attack; but it appeared that the injuries, if painful, were not attended by serious results, and necessitated but a single application by plaintiff to medical aid, and enforced his absence from his calling, that of barkeeper, for two days. It has been repeatedly held that it is peculiarly within the province of the judge presiding at the trial, from the advantages and opportunities afforded by such position, to grant a new trial where it appears that the verdict was the result of passion or prejudice. Chouquette v. Railway, 152 Mo. l. c. 266, 53 S. W. 897, and the rule broadly expressed in Pritchard v. Hewitt, 91 Mo. 257, 4 S. W. 437, that in personal actions founded on tort and sounding merely in damages, a new trial will not be granted on the sole ground of smallness of damages, has been approved and followed in numerous succeeding cases. Leahy v. Davis, 121 Mo. 227, 25 S. W. 941, and authorities cited. An attentive consideration of the lengthy record in this case fails to convince us that the verdict is so grossly disproportionate as to bear marks of passion or prejudice, or so inadequate as to shock the sense of justice of the judicial mind and therefore justify a reversal. Boggess v. Railway, 118 Mo. 328, 23 S. W. 159, 24 S. W. 210.

Judgment affirmed. All concur.