ANNIE RANDOLPH and EDWARD M. RAN-DOLPH, Appellants, v. ROSA E. ELLIS.

Division Two, February 27, 1912.

1. **QUIETING TITLE: Answer: Prayer for Accounting: Sec. 650, R. S. 1899.** In this suit under Sec. 650, R. S. 1899, defendant admits title in plaintiffs but claims under a contract with plaintiffs' grantor by the terms of which defendant became tenant of the property for a term, paying $7.50 a month rent. The contract provided further that at the end of the term, and on payment of the rent in full, the plaintiffs' grantor should convey to the defendant. Numerous payments were made. It was conceded that the plaintiffs had notice of defendant's contract and that she was in possession under that contract. The answer contained an offer to pay the balance due on the con-

tract, and prayed for an accounting and for specific perform-
ance. · *Held*, that the defendant had the right to have her rights
under the contract enforced, and, as incidental to that right,
it was the duty of the court to take the accounting.

2. CONTRACTS: Installments: Forfeiture: Waiver. The failure
of defendant to pay $7.50 each month did not work a forfeiture
of her rights under her contract, even though the contract pro-
vided that such failure should render the contract void. Where
the other person receives a payment after the forfeiture, the
forfeiture is waived. Here the provision for the payment of
$7.50 each month was disregarded, and payments were repeated-
ly made at irregular intervals and of different amounts.

Appeal from Linn Circuit Court.—*Hon. John P.
Butler,* Judge.

AFFIRMED.

*F. H. McCullough* for appellants.

(1) The court had no jurisdiction to take an ac-
counting between the parties in this action and the
decree is a nullity. Howard v. Brown, 197 Mo. 36;
Seidel v. Cornwell, 166 Mo. 51. (2) This suit was in-
stituted under the statute in relation to quieting land
titles and the law does not authorize a decree for the
specific performance of a contract in such a proceed-
ing. R'. S. 1899, sec. 650. (3) The above cited section
was amended in 1909, so that might have a broader
application, but under the section as it stood at the
time of the trial of this cause the court could only de-
termine the state of the title, and was not authorized
to grant any further relief. Charles v. White, 214 Mo.
188; Ball v. Woolfolk, 175 Mo. 278; Powell v. Crow, 204
Mo. 281; Seidel v. Cornwell, 166 Mo. 51; Wilson v.
Lubke, 176 Mo. 210. (4) The contract binds the de-
fendant to pay as much as seven dollars and fifty cents
each month for the period of eighty-five and one-third
months, and further provides ''But a failure to pay as
much as seven dollars and fifty cents each and every
month after March 1, 1901, this contract is null and

void.'' Unless fraud was practiced to induce a party to sign a contract, the party signing cannot avoid the obligation of the instrument by denying knowledge of its contents or that it expressed the real agreement. Tracy v. Iron Works, 104 Mo. 198; Miller v. E. L. & P. Co., 133 Mo. 220; Crim v. Crim, 162 Mo. 544; Construction Co. v. Tie Co., 185 Mo. 61; Hendricks v. Vivion, 118 Mo. App. 420.

*A. W. Mullins* and *B. L. White* for respondent.

The issues in the case were formed by the defendant's answer and the plaintiffs' replication thereto. The case as thus made up was one in equity, and the judgment and decree of the court is within the issues so formed and therefore valid and proper. Dixson v. Hunter, 204 Mo. 390; Graton v. Land and Lumber Co., 189 Mo. 322.

ROY, C.—This action is under section 650, Revised Statutes 1899, brought in the circuit court of Linn county. The defendant in her answer admits title in the plaintiff Anna Randolph, but claims under a contract with the plaintiff's grantor, J. B. Schott, dated March 1, 1901, by which it was agreed that she should occupy the premises as tenant of Schott for eighty-five and a third months, paying seven dollars and fifty cents per month rent. The contract provided that at the end of that time, and on payment in full of the rent, Schott was to convey to her, and that a failure to pay seven dollars and fifty cents each month should render the contract void. A note was given for the full amount of the rent, $500, to bear eight per cent interest. Various and numerous payments were made at irregular times and in small amounts, averaging about five or six dollars at a time, from the date of the contract until November, 1907, amounting to $449.50 in all. The contract provides that defendant

should pay the taxes, and she did pay them. It was conceded that plaintiffs had notice of defendant's contract and that she was in possession under that contract. The answer, while not very clear, contained in effect an offer to pay whatever balance might be found due plaintiffs on the contract, and prayed for an accounting and for specific performance. The reply was a general denial.

The court found a balance due plaintiffs of two hundred and fifty dollars, ordered that it be paid within sixty days, and decreed that upon such payment the title should vest in defendant.

The plaintiffs have appealed.

I. The appellant has cited Seidel v. Cornwell, 166 Mo. 51, and Howard v. Brown, 197 Mo. 36, as authority for the proposition that the court had no jurisdiction, under section 650, Revised Statutes 1899, to take the accounting in this case. We are not inclined to that view.

In both those cases the accounting was asked by the plaintiff as an additional relief in connection with the relief furnished by that section of the statute. That section may control the extent of relief which may be prayed for by the plaintiff; but it certainly does not undertake to circumscribe the defenses which may be made in the cause. Section 605, Revised Statutes 1899, provides that a counterclaim may be filed connected with the subject-matter of the action, and also provides that defenses and counterclaims may be made whether legal or equitable or both. That section governs proceedings under section 650.

In Griffin v. Nicholas, 224 Mo. l. c. 290, this court said: "We say this is an equity case, by which we do not wish to be understood as deciding that the statutory proceeding under section 650 is an equity proceeding; on that point we say nothing, but this case, although the petition may have been designed to come

under that section, has by the pleadings subsequent to the petition been converted into a suit in equity to set aside a deed on the grounds of fraud and incapacity to convey and to remove it from the record as a cloud on the plaintiffs' title.''

In Mann v. Doerr, 222 Mo. 1. c. 11, and in Bedford v. Sykes, 168 Mo. 8, it was held that in a proceeding under section 650 the plaintiff cannot get judgment for possession of the land.

Those propositions being established, what do the plaintiffs gain by this suit if they should win it? They cannot get possession. Their title, subject to the rights of the defendant under her contract, is conceded. If the rights of the defendant under her contract are not adjudicated in this cause the result will be that the whole proceeding will result in nothing. When the suit is over both parties will be just where they were, except for the accumulation of interest and costs.

We have no doubt of the defendant's right to have her rights under her contract enforced. and that, as incidental to that right, it was the duty of the court to take the accounting.

II.    Appellant claims that the failure of defendant to pay seven dollars and fifty cents each month was a forfeiture of her rights under her contract.

In O'Fallon v. Kennerly, 45 Mo. 124, it was held that where the other party received a payment after the forfeiture, the forfeiture was waived.

Here, by the long continued conduct of both parties, the provision for the payment of seven dollars and fifty cents each month was disregarded, and payments were repeatedly made at irregular intervals and of different amounts. The forfeiture was waived and cannot be insisted on here. We therefore affirm the judgment. *Blair, C.,* concurs.

PER CURIAM.—The foregoing opinion of Roy, C., is adopted as the opinion of the court. All concur.