## SOUTHWEST LAND AND ORCHARD COMPANY v. DAVID M. BARNETT et al., Appellants.

**Division One, February 29, 1912.**

1. **DEED: Wrong Township and Section: Judgment: No Objection: Appeal.** A petition describing the land as forty acres in section 33 in township 26 will not support a judgment for forty acres in section 11 in township 25; nor does a deed which describes forty acres in section 11 in township 25 tend to support the allegations of the petition. And though no objection that the deed did not describe the land sued for was made when it was offered in evidence, yet if defendants in their motion for a new trial called the court's attention to the fact that its findings were against the evidence and that the court had erred in admitting the deed in evidence, and if plaintiff's case rests wholly on the sufficiency of that deed, the judgment cannot stand.

2. **TAX DEED: Judgment by Justice of Peace.** A sheriff's deed made in pursuance of a judgment by a justice of the peace for taxes is void. A justice of the peace never had jurisdiction to try such a cause.

3. **————: Void: Decree on Appeal for Defendants.** Where the tax deed under which plaintiff claims is void, and it is admitted at the trial that the title is in defendants "unless same has been divested out of them by virtue of the sale of said land for taxes, as evidenced by the sheriff's deed hereinbefore introduced in evidence by plaintiff," and defendants in their answer assert title in themselves and pray for a decree vesting it in them, the court will not only reverse the judgment for plaintiff, but will direct the trial court to enter a decree for defendants.

Appeal from Butler Circuit Court.—*Hon. J. C. Sheppard,* Judge.

REVERSED.

*J. W. Chilton* for appellants.

(1) A justice of the peace has no jurisdiction in actions to enforce the lien of the State for back taxes on land, and a deed based on such judgment is null and void and conveys no title. R. S. 1909, sec. 7393;

State ex rel. v. Hopkins, 87 Mo. 529.  (2) A sheriff's deed which does not convey nor purport to convey a given tract of land, certainly does not convey such land.  This law is so elementary that we fail to find any authority directly in point.  We, however, cite Nelson v. Brodhack, 44 Mo. 603; Clemens v. Rannells, 34 Mo. 579; Burnham Heirs v. Hitt, 143 Mo. 414; State ex rel. v. Burroughs, 174 Mo. 700.  (3) The party holding the best title to land, under an agreed common source, is, in an action to determine and quiet title, entitled to a decree against the opposite party.  R. S. 1909, sec. 2535; Graton v. Holliday-Klotz Co., 189 Mo. 322; Machine Works v. Bowers, 200 Mo. 219; Gage v. Cantwell, 191 Mo. 698; Dixon v. Hunter, 204 Mo. 382; Felker v. Breece, 226 Mo. 320.  (4) The appellants having proven a title in themselves under the common source, to the land in controversy, were, on the pleadings and the evidence, entitled to a decree vesting them with the title and barring plaintiff's claim thereto. Lambert v. Railroad, 212 Mo. 692; Summet v. City Realty Co., 208 Mo. 501; Armour v. Frey, 226 Mo. 646.

*Clark & Yount* and *George Willett* for respondent.

GRAVES, P. J.—Plaintiff, a non-resident corporation doing business in this State, brought this action under our old section 650, Revised Statutes 1899, to have its title to the southwest quarter of section thirty-three, in township twenty-six, north of range four east, in Butler county, Missouri, ascertained and determined.

The petition is in usual form.  It averred that David M. Barnett and Dudley M. Keen, if living, claimed some interest in the land above described, and if dead, that their unknown heirs and devisees claimed some interest therein.  Later the following stipulation was filed in said cause:

"It is hereby stipulated and agreed that the following named persons may be made parties defendant in the above entitled cause, and that their answer to plaintiff's petition herein filed may be made when this cause is set for trial, and that no judgment shall be rendered against them for failure to answer before trial of said cause. Said parties are as follows: Emma Boos, Agnes Applegate, Harvey Wallace Applegate, Dudley Applegate, Charles H. Applegate and John Applegate. . . .

    "CLARK & YOUNT,
     Attorneys for Plaintiff.
    "J. W. CHILTON,
     Attorney for Defendant."

The above named parties filed their answer in which they (1) denied the allegations of the plaintiff's petition, and (2) set up their ownership in fee to said lands. Their answer then thus concludes:

"Wherefore defendants pray the court to try, ascertain and determine and by its judgment and decree to define, settle and adjudge the title of the parties, plaintiff and defendant respectively, in and to said real estate; and if the court shall adjudge that defendants are the owners of the said land, then that the plaintiff be forever barred and precluded from setting up or making claim of title thereto."

The record discloses no reply, but the trial proceeded as if one had been filed, and for this reason the case stands here as if a reply of general denial had been filed.

By the judgment and decree *nisi* the plaintiff was found to have the title to said lands as "the sole legal and equitable owner" thereof, and that defendants had no interest therein. From this decree defendants have appealed.

Going to the evidence and things preserved in the bill of exceptions, it appears that it was first agreed that the common source of title was Dudley M. Keen.

Land and Orchard Co. v. Barnett.

Plaintiff to sustain the issues upon its part of-fered a tax deed dated in 1883, executed by the sheriff of Butler county, from which it appears that the sher-iff, under a judgment of a justice of the peace, levied upon and sold to J. B. White lands thus described in said deed: "N. E. ¼ and N. ½ of S. E. ¼ and N. W. ¼ of S. W. ¼ of Sec. Eleven (11); Township Twenty-five (25), Range Four (4) East."

Objections were made to the introduction of this deed. These objections were lodged against the right of a justice of the peace by its judgment to enforce the State's lien for taxes, and the validity of the deed made under such a judgment. No objections were made to the effect that the deed did not describe the lands set out in the petition. The deed was admitted in evidence. It was then further admitted that the plaintiff had acquired whatever right, if any, that White had in and to the land in dispute. With this the plaintiff closed.

The following stipulation was then made in behalf of defendants:

"It was admitted by plaintiff that defendants an-swering in this cause, are the grantees of the heirs of Dudley M. Keen, and that said defendants have what-ever title, if any, the said Dudley M. Keen died seized of, and that said defendants have the title to the land in controversy, unless same has been divested out of them by virtue of the sale of said land for taxes, as evidenced by the sheriff's deed hereinbefore intro-duced in evidence by the plaintiff."

The defendants thereupon rested their case. For the plaintiff the court gave the following declaration of law:

"The court declares the law to be that the sher-iff's deed read in evidence on the part of the plaintiff, which deed was executed by the sheriff of Butler county, Missouri, on March 8th, 1883, and recorded in Book S, page 46, of the Deed Records of Butler county,

was sufficient to pass the title to the land in controversy, to J. B. White, the grantee in said deed, whose title passed by mesne conveyances to the plaintiff, and the finding of the court should be for the plaintiff vesting in it the title to the land in controversy.''

For the defendants the court gave a declaration of law thus worded:

"The court declares the law to be that the title to the land in controversy is vested in the defendants, Emma Boos, Agnes Applegate, Harvey Wallace Applegate, Dudley Applegate, Charles H. Applegate and John Applegate, unless the title to said land passed to plaintiff by virtue of the sheriff's deed introduced in evidence by the plaintiff.''

But the court refused to give for the defendants the following:

"The court declares the law to be that the judgment upon which the sheriff's deed for taxes under which plaintiff claims title to the land in controversy, is void, for the reason that the justice of the peace rendering said judgment had no jurisdiction of the subject-matter of the suit, that the deed made in pursuance of said judgment is void and confers no title on plaintiff.''

Judgment went as above set out. The motion for new trial omitting unnecessary parts thus challenges the action of the trial court:

"1st. The court erred in admitting in evidence the sheriff's deed offered by plaintiff, upon which plaintiff's title is founded.

"2nd. The court erred in giving plaintiff's declaration of law No. 1.

"3rd. The court erred in refusing defendants' declaration of law No. 2.

"4th. The findings of the court are against the evidence and the weight thereof.

"5th. The judgment of the court is against the law.''

Such is the record in the case. The contentions. here are (1) that the sheriff's deed did not describe the property mentioned in the petition, and (2) that even if it did so describe it the deed is void because based upon a judgment of a justice of the peace.

I.  The land described in the petition is forty acres in section thirty-three, in township twenty-six, of range four. The land described in the deed is in section *eleven* in township *twenty-five,* range four. The judgment describes the land as in the deed and not as in plaintiff's petition. It must be noticed at a glance that the two descriptions do not refer to the same land. The two tracts are not only in different townships, but in different sections. This point was not made when the deed was offered in evidence, but the motion for new trial called the court's attention to the fact that its findings were against the evidence, and that the court had erred in admitting the deed in evidence. The deed offered and admitted did not tend to support the allegations of the plaintiff's petition. Under the admissions made in the record the title to the land mentioned in the petition was in the defendants, unless the deed offered in evidence had divested their predecessor of title. If their predecessor in his lifetime had title to the land described in the petition, then that title was never taken from him by this tax proceeding, because it is recited in the tax deed that the tax judgment was against lands in section eleven, township twenty-five, whilst the lands described in the petition are in section thirty-three of township twenty-six.

The result is (1) that the evidence before the trial court did not show that plaintiff had any title to the land described in its petition, and (2) that the judgment is erroneous in decreeing to plaintiff land not described in its petition. We are not favored with briefs by the respondent. Respondent evidently dis-

covered after the trial this discrepancy in the deed upon which it relied. For these reasons the judgment for plaintiff will have to be reversed and remanded at least. Whether we shall go further we will see later.

II.   But even if the deed offered in evidence had properly described the land claimed in the petition of plaintiff, yet the trial court erred in admitting such deed, because it is based upon a tax judgment entered by a justice of the peace. Justices of the peace never had any jurisdiction to try such causes. Such judgments are void and deeds made thereunder are void. Such has been the consistent holding of this court for many years. [State ex rel. Gordon v. Hopkins, 87 Mo. 519; City of Pleasant Hill v. Dasher, 120 Mo. l. c. 681; Harwood v. Toms, 130 Mo. l. c: 237; McVey v. Carr, 159 Mo. l. c. 653; Lumber Co. v. Keener, 217 Mo. 539.]

With this deed out of the way plaintiff's title, or rather plaintiff's alleged title, wholly fails. For this error as well as the other above mentioned the judgment for plaintiff must be reversed.

III.   The foregoing disposes of the case so far as the plaintiff is concerned. Defendants, however, insist that they were entitled to a decree in their favor, and that on the record before this court we should direct the lower court to so enter a decree. It is clear under the stipulation as to the facts that under the law the trial court should have decreed title in defendants, and should have debarred plaintiff from further claim of title. It was agreed that the title to the land (meaning of course the land described in the plaintiff's petition) was in the defendants, "unless same has been divested out of them by virtue of the sale of said land for taxes, as evidenced by the sheriff's deed hereinbefore introduced in evidence by the plaintiff."

It is admitted in the record that the title was at one time in Dudley M. Keen, defendant in the void tax judgment. It was admitted that his heirs conveyed

to Sarah E. Keen, and that the defendants would hold through her, she having died in 1907. The judgment *nisi* was for the wrong party. It should have been for the defendants under the prayer of their answer. They ask the determination of the title. They by their cross-bill claim title in fee, and ask that it be adjudged to them, and that plaintiff be adjudged to have no claim or interest therein. The judgment should have so been. We therefore reverse the judgment and remand the cause with directions to the lower court to enter a judgment and decree for the defendants in form and substance as above indicated.

All concur.