NORTH NISHNABOTNA DRAINAGE DISTRICT v. GEORGE H. MORGAN, Appellant.—18 S. W. (2d) 438.

Division Two, June 4, 1929.

2

*Henry B. Hunt* for appellant.

*W. C. Ellison* and *James F. Gore* for respondent.

4

WHITE, J.—This was a proceeding instituted in Atchison County to condemn land for a drainage ditch and levee through land of appellant. A commission was appointed to ascertain the damage, the amount awarded was $539.50, and the money was paid into court. Morgan filed exceptions to the report of the commissioners, a jury trial was had in the Circuit Court of Atchison County, verdict was rendered awarding him $450, and judgment entered ordering the clerk to pay defendant that sum and return the balance, $89.50, to the drainage district. Pending these proceedings the ditch and levee were constructed. The defendant appealed from the judgment.

The Nishnabotna River flowed in an elbow bend around the defendant's land, which consisted of 49.63 acres. The river ran east on the north side of the land, and turned sharply to the south and west of south along the east side. The drainage ditch was constructed through this land, changing the course of the stream. The amount taken by the condemnation proceedings was 2.93 acres, which left 17.07 acres east of the ditch, and the balance, about twenty-nine acres, west of the ditch. The appellant claims that the land taken did not correspond to the land condemned; that of the 2.93 taken, 2.26 acres were not on the. right of way; but no error is assigned in this appeal on account of that. The complaint is that on account of the ditch the water accumulates at the south end of the ditch and levee, and inundates a large portion of appellant's land lying west of the ditch; that on the seventeen acres lying east of the ditch is a large

grove of cottonwood trees; there being no levee on that side, the flood water flows over the land and injures the timber.

Evidence was introduced pro and con as to the effect of changing the course of the river so as to cut defendant's land in two parts. Evidence was introduced on the part of the defendant tending to show that his land was greatly depreciated on both sides of the ditch, and on the part of the drainage district to show that the value of the land was not impaired, but enhanced, by reason of the drainage ditch.

The errors assigned by the appellant relate principally to the instructions to the jury given by the trial court. Also it is claimed that there was no sufficient evidence to authorize some of the instructions, and that the court erred in refusing instructions asked by the appellant.

I. The instructions authorize the finding of benefits to the defendant as offsetting his claim for damages. Appellant first makes the point that such issue is not within the pleading, that the re-spondent did not claim in its petition that there were such benefits, and cites several decisions as holding that an instruction must not be broader than the pleadings. That subject has been considered in several cases recently. Where a case is tried throughout and evidence is introduced as if an allegation of fact necessary to recovery were properly alleged in the petition, when it was not so alleged, it is not error to instruct the jury upon that issue. [Talbert v. C., R. I. & P. Railroad Co., 321 Mo. 1080, 15 S. W. (2d) 762, l. c. 764; Stottle v. C., R. I. & P. Railroad Co., 321 Mo. 1190.] Section 1550, Revised Statutes 1919, provides that a judgment shall not be reversed, "ninth, for omitting any allegation or averment without proving which the triers of the issue ought not to have given such a verdict."

II. The instructions of which the appellant complains are the following asked by the plaintiff:

"1. The court instructs the jury that this is a proceeding to recover damages for alleged injuries to plaintiff's land and timber standing thereon caused by the construction and maintenance of the ditch and dike through his land, and also, to recover the value of his land taken for the ditch and dike along the west line thereof."

"2. The court instructs the jury that if they believe from the evidence that the dike and water in the ditch across George Morgan's land have caused, or in the future will likely cause, the water to submerge or overflow his land and injure it, or the timber on it, yet the jury should not allow plaintiff any damages for such injury if

the jury further find and believe from the evidence that had such ditch not been dug and maintained, the same water, in equal quantity, and to the same extent, would have overflowed and submerged the same land, and that it would have caused substantially the same injury.

"3. The court instructs the jury that for the strip of land 100 feet wide, taken for the dike and ditch through said Morgan's land, the jury should award him as an item of damage, the fair market value of said strip at the time of the appropriation thereof on the 22nd day of May, 1922, as shown by the evidence. But as to all the land and timber thereon not taken, if the jury should believe from the evidence that it remained just as valuable as it was prior to the taking then the jury should not allow any further damages."

And the following, given by the court on its own motion:

"No. 2 (BY THE COURT): The court instructs the jury that in determining what damages, if any, you will award to defendant George H. Morgan, on account of injury, if any, to his lands other than the land actually taken by the drainage district for the ditch and dike, you should take into consideration the division of said land by said ditch and dike, as shown by the evidence; the quality of water, if any, that said ditch and dike cause or will cause to flow over or upon said lands, as shown by the evidence; the quantity of silt, dirt or debris of any kind, if any, that is or will be caused to be thrown on said lands by said ditch and dike, as shown by the evidence; and the effect, if any, that the ditch and dike have had upon the market value of said lands; and, in addition to the fair market value of the lands actually taken for the ditch and dike, you should award the defendant a sum equal to the amount, if any, that the market value of said lands was reduced by the construction of said ditch and dike; and you should deduct from said amount a sum equal to such benefits, if any, to said lands resulting from the construction of said ditch and dike.

"By benefits above referred to is meant benefits to defendant Morgan's land which are not common to other lands in the same vicinity."

It will be noted that Instruction 3, above, closes with a direction that the jury may allow damages for the land actually taken, but for the remaining land, if it was of the same value after the ditch was constructed as it was before, then no damages should be allowed on that item.

As authority for such instruction, Railroad v. Real Estate Company, 204 Mo. l. c. 575, and City Water Company v. Hunter, 6 S. W. (2d) l. c. 566, and other decisions of similar import, are cited. The effect of such an instruction is to deprive the defendant of any benefit by reason of the increase of the land values common to that com-

munity. In the two cases mentioned there was no evidence of any general benefit accruing to the party injured common to others situated in like manner. Such an issue was not in those cases.

The true rule is that where one's land is damaged by reason of a public improvement he can recover the amount of such damage less the *peculiar* and *special* benefit accruing to him by reason of the improvement. If there is a general benefit which accrues to his land in common with the other land in like situation, this should *not* be deducted from his damage. The rule was stated in Mississippi County v. Byrd, 319 Mo. 697, 4 S. W. (2d) 812, as follows:

"Where a portion of the land is taken under condemnation in the opening or widening of a road, the test, in determining the benefits to the contiguous land of the owner to be deducted from damages, is whether the project specially benefits such land. General public benefits cannot be considered or deducted. Increased value of land arising from general benefits is not the subject of deduction, for such benefits are enjoyed by the public in general. However, where the improvement affects the actual and usable value of the land and an increased value results therefrom, then such increased value may be considered as an element of benefit. The increased value must be founded on something which affects the land directly and proximately, not indirectly or remotely. It is a special benefit that the opening and widening of the road gives to the contiguous land of the owner, and not the general benefit that accrues to the public, that the jury is permitted to take into consideration."

The rule distinguishing between general benefits and special benefits is stated in State ex rel. v. Jones, opinion by Judge RAGLAND for Court en Banc, 321 Mo. 1154, 15 S. W. (2d) 340.

The opinions in those cases cite a number of decisions by this court in support of the rulings, all holding that special benefits accruing to one whose land is damaged may be deducted from the damage, but general benefits common to other lands cannot be so deducted. That part of Instruction 3, defining as the measure of the plaintiff's damages the difference before and after the construction of improvements, is directly contrary to that rule. The appellant's land in the present instance might have been and apparently was very much enhanced in value in common with other lands by reason of the drainage system established there. A benefit which other lands shared should not be deducted from the damage that appellant suffered.

Even if such general benefits did not accrue to property not taken *by reason of the improvement,* the broad statement of the rule in Railroad v. Real Estate Company, supra, if unqualified, would be incorrect as applied to cases like this. There might be many factors tending to enhance the value of real estate in that community aside

from the establishment of the improvement. It was error, therefore, to give Instruction 3, with that statement of the measure of damages.

III. Instruction 2, given by the court, closes with this statement: "By benefits above referred to is meant benefits to defendant Morgan's land which are not common to other lands in the same vicinity."

That follows a direction to deduct such benefits from the damage which the plaintiff suffered. It states very inaccurately the rule of such benefits. If it did state it accurately it would not cure the error in the court's Instruction 2. There might be lands in th'at *vicinity* that would not be affected at all by the drainage district. They might be on highways and entirely above any danger of overflow. It should read, "benefits peculiar to defendant's land and not common to lands generally affected by the improvement."

IV. Appellant claims further that there was no evidence of any special benefit to Morgan's land. Different witnesses for the plaintiff testified in effect as follows:

That the value of the defendant's land was worth just as much immediately after the ditch was cut, if not a little more, as it was before;

That the market value of the land west of the levee, twenty-nine acres, before the ditch was dug was around $150 to $160, and afterwards it was worth more money, $25 an acre more; and other similar statements by witnesses.

The respondent has not pointed out where any witness testified to any enhancement of value peculiar to the defendant's land not common to other lands affected by the improvement. The only enhancement of value testified to was that hypothesized in Instruction 3, the difference in value before and after the ditch was cut—apparently the benefits common to every person's land affected, the very benefits which should *not* be deducted from the damage.

V. Appellant assigns error to the refusing of his Instruction "H." The instruction was properly refused because a comment upon the evidence.

A great deal is said in the appellant's argument about the effort of the plaintiff to construct a settling basin upon his land and not to allow him damage for that.

On another trial the court will be careful in regard to the matter, and instruct the jury accordingly.

The judgment is reversed and the cause remanded. All concur.