EDWARD CLARK and JANE V. CLARK, Appellants, v. WILLIAM HECKERMAN and PEARL HECKERMAN.—142 S. W. (2d) 35.

Division Two, July 3, 1940.

*Ira H. Lohman* and *R. T. Keyes* for appellants.

460

*H. P. Lauf* and *Irwin, Bushman & Buchanan* for respondents.

BOHLING, C.—Edward Clark and Jane V. Clark instituted this

action against William Heckerman and Pearl Heckerman to quiet title to two tracts of real estate in Cole county, Missouri, aggregating approximately 23.25 acres. The judgment adjudged title in defendants (describing the real estate by metes and bounds) in and to said 23.25 acres and also in and to three additional tracts, the latter aggregating, as we understand, approximately 155.10 acres.

I. Plaintiffs appeal, asserting, as their main contention the judgment is broader than the pleadings. Defendants say (a) the case was tried upon the theory that all the acreage covered by the judgment constituted the land in dispute and the pleadings are to be treated as amended by the proof, and (b) that the judgment is within the scope of their answer.

(a) In State ex rel. Anderson v. Hostetter, 346 Mo. 249, 140 S. W. (2d) 21, handed down May 7, 1940, a court of appeals' ruling that an instruction predicating a recovery on a ground of negligence not pleaded was reversible error was held by court en banc to be in harmony with previous rulings of this court. Court en banc said (citations only omitted) : "It is quite true that in a number of cases we have held, complying with the mandates of Sections 817 and 1099, R. S. Mo. 1929, that where a petition states a cause of action but is defective in some particular, through the ommission of a required allegation which could have been inserted by amendment without changing the nature of the cause of action, and evidence is thereafter received sustaining such omitted allegation, no affidavit of surprise having been filed by the adverse party, the petition will be taken to have amended to conform with the proof. . . . But these cases are to be easily distinguished from one in which plaintiff, having alleged a certain definite basis for his cause of action, introduces, even without objection, evidence which tends to prove an entirely different cause of action. Under such circumstances we have held that the trial court is not authorized to submit to the jury an issue raised by such evidence but foreign to the issue pleaded. . . ." Among Missouri cases so holding are: Waldheir v. Hannibal & St. J. Ry. Co. (Banc), 71 Mo. 514, 517; State ex rel. v. Ellison (Banc), 270 Mo. 645, 651(I), 195 S. W. 722, 723[3] ; Gandy v. St. Louis-S. F. Ry. Co., 329 Mo. 459, 467, 44 S. W. (2d) 634, 637[6], citing cases; Friedel v. Bailey, 329 Mo. 22, 37, 44 S. W. (2d) 9, 15[12, 13].

Briefly of defendants' cases: The observations (dictum) of the majority opinion of the Court of Appeals in Gilliland v. Bondurant supporting defendants' contention (51 S. W. (2d) 559, 568[9-13]) were not approved but the observations of the dissenting opinion (51 S. W. (2d) 1. c. 572) were approved by Division I of this Court (332 Mo. 881, 895[8], 59 S. W. (2d) 679, 686[10]) upon the certification of said cause here. A reading of Stottle v. Chicago, R. I. & P. Ry. Co., 321 Mo. 1190, 1197, 18 S. W. (2d) 433, 435[2], indicates

and a reading of the record therein discloses plaintiff's petition alleged that while deceased was performing his duties etc.—the fact asserted to have been omitted—deceased was injured. North Nishnabotna Drainage Dist. v. Morgan, 323 Mo. 1, 5(I), 18 S. W. (2d) 438, 439[1, 2], a condemnation proceeding, upheld an instruction authorizing the offsetting of special benefits against defendant's damages, although the petition did not plead special benefits. The issue of special benefits in a condemnation suit to take land under the power of eminent domain seeks, by way of set-off, to reduce the amount of the damages to be awarded and does not reach the essence of plaintiff's stated cause of action—plaintiff's alleged right to exercise the power of eminent domain—or, if conceded, defendant's right to damages. [Beck v. Dowell, 40 Mo. App. 71(I), affirmed on all points in 111 Mo. 506, 513, 20 S. W. 209, 210, 33 Am. St. Rep. 547, states that in personal injury actions evidence in mitigation of damages may be given under the general issue and that such was the rule at common law. See Boggess v. Metropolitan St. Ry. Co., 118 Mo. 328, 335(II), 23 S. W. 159, 161(2).] The ultimate holding in Taylor v. Cleveland, C. C. & St. L. Ry. Co., 333 Mo. 650, 659[5, 6], 63 S. W. (2d) 69, 73[II (a), 7-13], was that the word ''unnecessary,'' used in an instruction with reference to a stop ˙by a train, was within the somewhat general allegations of negligence in plaintiff's petition.

Defendants would have us hold that evidence admitted without objection effects an amendment of a pleading so as to embrace subject matters of causes of action not therein mentioned. If, as held, evidence admitted without objection may piece out a defectively stated cause of action but may not effect an amendment of a pleading so as to permit a recovery on a ground not alleged, then a priori, evidence admitted without objection may not effect an amendment of a pleading so as to embrace subject matters of causes of action not therein mentioned. Southwest Land & O. Co. v. Barnett, 240 Mo. 370, 375(I), 144 S. W. 780, 782[2-4], held erroneous a judgment adjudging title in plaintiff to land other than that described in plaintiff's petition. Waldhier v. Hannibal & St. J. Rd. Co., 71 Mo. l. c. 518, observed arguendo that a plaintiff may not sue for a horse and recover a cow. One may not sue to quiet title to tract A and recover a judgment, valid in toto, adjudging title to tract A and also tracts B, C, and D.

b. We have held, as contended by defendants, counterclaims are proper in quiet title actions. Clark Real Est. Co. v. Old Trails Inv. Co., 335 Mo. 1237, 1243[3, 4], 76 S. W. (2d) 388, 391[6-8]; Crawford v. Amusement Syndicate Co. (Mo.), 37 S. W. (2d) 581, 584[5]; Randolph v. Ellis, 240 Mo. 216, 219(I), 144 S. W. 483[1, 2], among others.

Defendants' citations meet the issue only in a general way; and the contentions their pleading constituted a counterclaim and said judgment was within the scope of its allegations and proper seek the facts.

■ Plaintiffs' petition, with a prayer sufficiently broad for an adjudication of the rights, claims, etc., of the litigants in and to the real estate in said petition described, was in the usual form for an action to quiet title and specifically described the real estate in dispute by metes and bounds, locating 18.25 acres in the Southwest quarter of Section 21 and 5 acres in the Northeast quarter of the Northwest quarter of Section 28, all in Township 46, Range 13, Cole county, Missouri.

Defendants filed what they denominated an "answer." It was in one count. In substance, it read: "Come now the defendants and deny that the plaintiffs are the owners and entitled to the possession of all the land described in plaintiffs' petition, but say that they are the owners of the Southwest fractional quarter of Section 21," the North fractional half of the Northwest Quarter of Section 28, the South fractional half of the Northwest Quarter of Section 28, the Southwest fractional Quarter of Section 28, (aggregating 238.66 acres), township, range, county and state aforesaid; that said land was platted, said plat was recorded, and said land was sold by the County Court of Cole county, Missouri, to A. C. David and James David and by mesne conveyances became the property of defendants; that thereafter a large amount of land accreted on the northeasterly side of the defendants' land by reason of the gradual recession of the Missouri River; that thereafter "Henry Jones, County Surveyor of Cole County, Missouri," surveyed a portion of the accreted lands "and sold a part thereof to the plaintiffs on March 11, 1932, and a part thereof April 11, 1932, and a part thereof to A. E. Blaser, who thereafter conveyed 73.60 acres thereof to the plaintiffs on the 12th day of February, 1934; that a part of the land so surveyed out by the said Jones intersected and included therein and in said survey a part of the land which had been surveyed out and sold to these defendants and their grantors; that in truth and in fact, all of said land now claimed by the plaintiffs belongs to and is the land and property of these defendants by reason of having accreted to their shore line." Defendants prayed that the plaintiffs take nothing "and that that portion of the lands claimed by the plaintiffs lying north and westerly between the defendants' lands and the Missouri River, as laid out and surveyed to them and their grantors, be decreed to be the land of these defendants. . . ."

Section 1521, R. S. 1929, Mo. Stat. Ann., p. 1698, makes the code of civil procedure applicable to quiet title actions. Section 777, R. S. 1929, Mo. Stat. Ann., p. 1022, provides, with respect to pleading defenses and counterclaims, that "each be separately stated, in such manner that they may be intelligibly distinguished." Section 849, R. S. 1929, Mo. Stat. Ann., p. 1119, provides that a counterclaim "shall be deemed in law and treated as an independent action begun by the defendant against the plaintiff," except in instances, im-

material here, within Sec. 838, Ibid. [Emery v. St. Louis, K. & Nw. Ry. Co., 77 Mo. 339, 350.]

Measured by these statutory provisions defendants' pleading was, as designated, an "answer," not a counterclaim." It contained no separate statement of defenses and counterclaims. It alleged that "a part of the land" surveyed by Jones included "a part of the land which had been surveyed out and sold to these defendants and their grantors" and that "all of said land now claimed by plaintiffs" was the property of defendants; and its prayer was restricted to "that portion of the lands claimed by plaintiffs." From said pleading it is apparent that plaintiffs did not claim all of the land mentioned therein and that only that portion of the land claimed by plaintiffs was involved. While there were allegations disclosing defendants could have maintained an independent action to quiet title to lands other than the lands mentioned in plaintiffs' petition if plaintiffs had claimed title thereto, the allegations were in answer to and for the purpose of defeating plaintiffs' asserted ownership "of all the land described in plaintiff's petition." (Lanyon v. Chesney, 209 Mo. 1, 9, 106 S. W. 522, 524; Smith v. Hurt (Mo. App.), 203 S. W. 625[1].) Defendants, availing themselves of the provisions of the last sentence of Sec. 1520, R. S. 1929, Mo. Stat. Ann., p. 1682, also asked that the title be adjudged in them. So far as disclosed by the pleadings the only land actually claimed by the plaintiffs was the land specifically described in plaintiffs' petition. While defendants alleged certain parties "sold" certain land to plaintiffs on given dates, there is no allegation that plaintiffs still claimed the land so sold. What we have said rules the issue and it is unnecessary to discuss the sufficiency of defendants' pleadings, unaided by plaintiffs' petition, to state, an independent cause of action by way of counterclaim or other contentions presented by plaintiffs bearing on the ultimate ruling.

■ II. Plaintiffs say defendants have only an undivided one-half interest in any land.

Louis Lister and J. W. Riner at one time owned undivided half interests in the 238.66 acres, the land first mentioned in defendants' answer. We understand that Lister and Riner, on March 15, 1923, executed two deeds of trust against the real estate, each of said deeds of trust covering an undivided half interest in said real estate, and that they were recorded on pages 418 and 419, respectively, in Book 13, Recorder's office, Cole county, Missouri. These deeds of trust do not appear in the abstract of the record.

On August 26, 1926, Lister and Riner conveyed to H. B. Garnett and Sylvia P. Garnett by deed containing the usual convenants of warranty, subject, however, "to a deed of trust of record in Book 13, page 418, Cole county Recorder's office, the amount of which is $4,300;" and on said date the Garnetts executed a deed of trust

against said property to secure their three year, six per cent, $2,840 note, payable to said Lister and Riner. Said deed of trust recited that it was "subject to a deed of trust of record in Book 13, page 418, Cole county Recorder's office, the amount of which is $4,300."

There was testimony that the Garnetts abandoned the land; and, in order to secure title to the land, the Lister and Riner deeds of trust were foreclosed September 17, 1927. Delbert E. Matthews purchased under the foreclosure of the deed of trust in Book 13, page 418; and Louis Lister purchased under the foreclosure of the deed of trust in Book 13, page 419.

February 20, 1929, Lister conveyed "an undivided half interest" to A. E. Blaser. Thereafter, Blaser executed a deed of trust against his interest, which was foreclosed June 17, 1932. A. C. David was the purchaser.

Matthews and David, on August 18, 1934, conveyed to defendants.

Plaintiffs say Lister's purchase under his deed of trust constituted a payment thereof and any title he acquired passed immediately to H. P. Garnett and Sylvia P. Garnett; and, hence, defendants have title to only that undivided half interest in the 238.66 acres acquired through Delbert E. Matthews. They rely upon statutory provisions bearing on the use of the words "grant, bargain and sell" in conveyances (Sec. 3020, R. S. 1929, Mo. Stat Ann., p. 1867) and an after-acquired title by a grantor (Sec. 3107, Ibid.). This position ignores the fact that plaintiffs' action was instituted on January 4, 1938, more than ten years after September 17, 1927 (the date of Lister's purchase), and the ten-year statute with respect to actions for the recovery of lands (Sec. 850, R. S. 1929, Mo. Stat. Ann., p. 1121.) Defendants' answer alleged ownership and also the payment of taxes and peaceable possession, under claim of ownership, by defendants and those under whom they claimed since July 8, 1915. Plaintiffs advance no reason why the ten-year statute is not applicable and we are in no position to hold reversible error occurred.

This is an action at law. Plaintiffs, giving consideration to the ruling last made, admit the sufficiency of the evidence to support defendants' title to the 238.66 acres. They further state that the two tracts specifically described in plaintiffs' petition, aggregating 23.25 acres, constitute a part of said 238.66 acres; the 23.25 acres being within overlapping descriptions in deeds under which the respective litigants claim title. In these circumstances defendants should be permitted to hold their judgment covering said two tracts described in plaintiffs' petition; but with respect to the three additional tracts adjudged to be the property of defendants said judgment is beyond the scope of the pleadings and void.

The judgment, therefore, is reversed and the cause remanded with

directions to enter judgment in accord herewith. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.