OWEN WATERS v. DR. A. B. CRITES, Appellant.—No. 38162.—166 S. W. (2d) 496.

Division One, December 15, 1942.

554

*Alfred B. Couch, Watson, Ess, Groner, Barnett & Whittaker* and *Carl E. Enggas* for appellant.

*Harvey Burrus, Rufus Burrus* and *Johnson & Garnett* for respondent.

556

GANTT, J.—Action against an osteopathic physician and surgeon for malpractice. Defendant appealed from a judgment for $12,000. The material facts on this appeal follow:

On the 14th day of May, 1940, plaintiff consulted the defendant about dark circles under his eyes. On that day they discussed and considered the question of a surgical operation to eliminate said circles. Defendant informed plaintiff that he would charge $100.00 for the operation. Plaintiff stated that he would return the next day with the $100.00. On the said day (15th of May) plaintiff went to defendant's office and paid him the $100.00. On payment of the fee defendant presented to plaintiff a liability release for him to sign, which follows:

"TO WHOM IT CONCERNS:

"This will certify that I have requested Dr. A. B. Crites to perform plastic surgery upon my person & assume full responsibility for any untoward happening, infection, scarring, occurrence or recurrence of a deformity that may develop."

Plaintiff testified that on reading the release he told the defendant "that it was a rather tough thing to sign and if there was any danger at all in the operation he had suggested, I did not want to go through with it." He also testified that defendant answered: "that is a requirement of the insurance company, but so far as he himself was concerned, he knew that he could do me a neat and satisfactory job, the kind I really would like to have and he could do it." Thereupon plaintiff signed the release, which he introduced in evidence. Defendant did not plead the release as a defense. As a result of the consultation on the 14th of May and the payment of the fee and signing of the release on the 15th of May, the defendant, on the 16th of May, 1940, by surgical operation, removed the pigmented skin under the eyes in an effort to eliminate the dark circles. At the time plaintiff was twenty-two years old. It is admitted that the operation was unnecessary and not successful. On the 13th of June, 1940, defendant performed a second operation on the plaintiff by removing skin at the side of the eye in an attempt to remedy a dropping of the lower lid from the eyes. For the second operation plaintiff paid the defendant $50.00.

At the trial there was evidence tending to show that defendant advised against the operation and that the same was performed on the insistence of plaintiff. On this evidence and at the request of defendant, the court directed that if the jury believed defendant advised plaintiff that the operation was unnecessary and inadvisable and that plaintiff, after being so advised, still requested the operation, he could not recover.

On plaintiff's request, the court directed the jury as follows:

"The court instructs the jury that if you find and believe from the evidence that the dark areas or circles under plaintiff's eyes were not caused by any ailment or disease, and that an operation for the removal thereof would be likely to result in injury to him, and that defendant knew or by the exercise of ordinary care and skill could and should have known that the removal of such dark areas by an operation was so obviously unnecessary that an ordinary careful and prudent surgeon would not have performed it, and that such operation would be likely to result in injury to the plaintiff, and, notwithstanding such knowledge, if any, advised such operation, and performed the same, and that as a direct result of such operation, if any, of the defendant, plaintiff was injured, then your verdict should be for the plaintiff and against the defendant."

I. Defendant assigns error on this instruction. He contends that there was no evidence tending to show that the operation was likely (in all probability) to result in injury. The tendering of the release for plaintiff to sign tends to show that defendant had doubts about the result of the operation. In other words, he thought it would likely result in injury. Furthermore, there was evidence tending to show that the skin under the eyes of "youngsters" from twenty to twenty-

five years old fits tightly to other tissues. There also was evidence tending to show that the "natural and probable consequences" of the operation would be a contracted lid. Furthermore, defendant admitted in his deposition that the skin under plaintiff's eyes was normal. We think there was substantial evidence tending to show the operation would likely result in injury.

In this connection defendant argues that the jury might have understood the word "injury" in the instruction to mean the mere cutting of the skin. We do not think so. As used, the jury would understand the word "injury" to mean the ultimate result of the operation.

He also contends that the use of the word "likely" in the instruction broadened the issues.

The instruction requires a finding that the operation would likely result in injury, whereas the petition alleged that the defendant knew, or, by the exercise of ordinary care, should have known that the operation would result in injury. If he knew the operation would result in injury, it necessarily follows that he knew it would likely result in injury. In other words, an allegation that he knew the operation would result in injury includes an allegation that he knew it would likely result in injury. If so, the instruction does not broaden the issues made by the pleadings. On the contrary it narrows said issues. Furthermore, the above stated evidence on the first contention shows that the case was tried on the theory that the operation would likely (in all probability) result in injury and not on the theory that the defendant had actual knowledge that injury would result from the operation. Thus it appears that defendant, is not in a position to complain of the word "likely" in the instruction. [North Nishnabotna D. D. v. Morgan, 323 Mo. 1, 18 S. W. (2d) 438; State ex rel. Anderson v. Hostetter, 346 Mo. 249, 140 S. W. (2d) 21; Moll v. Pollack, 319 Mo. 744, 8 S. W. (2d) 38.]

He also contends that plaintiff tried the case on the theory that the skin pigmentation was due to disease and for that reason it was error to require the jury to find that said condition was not due to disease.

He relies on the testimony of Dr. Green (witness for the plaintiff) to sustain the contention. The doctor testified that the dark circles under the eyes were not the result of disease; that the operation should not have been performed; that the proper treatment was medical in that the boy's life should have been regulated and attention given to nutrition. Thus it appears that the doctor's testimony does not sustain the contention. Furthermore, the record shows that the skin pigmentation under the eyes was a mere discoloration which was not the result of disease. Defendant testified that the condition was a local disorder.

He also contends that the instruction erroneously directs a verdict for plaintiff without a finding that it was negligence to perform the operation. The rule follows:

"If an instruction requires the jury to find facts which, if true, could only mean that the defendant was guilty of negligence per se, or as a matter of law, then the instruction is good even if it does not require the jury to find that such facts constitute negligence, because 'the law draws the conclusion in such cases.'" [Jones v. Central States Oil Co., 350 Mo. 91, 164 S. W. (2d) 914, 919.]

If the defendant knew that the operation was unnecessary and likely to result in injury, he would be guilty of negligence as a matter of law if he advised the operation and performed the same. On this, reasonable minds would not differ.

Furthermore, if the defendant was without actual knowledge as to the result of the operation, yet, if, by the exercise of ordinary care, he would have known that the operation was unnecessary and likely to result in injury, he also would be guilty of negligence as a matter of law if he advised the operation and performed the same. On this also, reasonable minds would not differ.

II. Defendant also assigns error on the admission of evidence tending to show that he was protected by insurance. He contends that the evidence was not relevant and material. However, defendant does not contend that the release above set forth was not admissible in evidence. It tends to show that defendant thought the operation would likely result injuriously. It not only tends to show that defendant thought the operation would likely result injuriously, but, standing alone, it also tends to show that on plaintiff signing the same he assmed full responsibility for the operation. In this situation plaintiff could testify to the conversation between himself and defendant with reference to the contents of the document and the binding effect of the document if plaintiff signed the same. The conversation was an essential part of the transaction which tended to show that by signing the release plaintiff was not assuming responsibility for the operation but that he signed the same, believing the statement of defendant that the execution of the release by plaintiff "is a requirement of the insurance company, but so far as he himself (defendant) was concerned, he knew he could do me a neat and satisfactory job—the kind I really would like to have and he could do it." Absent the statement of defendant with reference to the insurance company, the answer of defendant to plaintiff's comments on the contents of the release would be meaningless. It follows that said answer of defendant to plaintiff's comment on the release is a constituent part of plaintiff's case, and the trial court ruled correctly in admitting said answer in evidence. [Edwards v. Smith, 286 S. W. 428, 430; Olian v. Olian, 332 Mo. 689, 59 S. W. (2d) 673; Whitman v. Carver, 337 Mo. 1247, 88 S. W. (2d) 885; Robinson v. McVay, 44 S. W. (2d) 238; Boten v. Sheffield Ice Co., 180 Mo. App. 96, 163 S. W. 883, 888; Garvey v. Ladd, 266 S. W. 727, 733; Paepke v. Stadelman, 222 Mo. App. 346, 300 S. W. 845, 847; Jablonowski v.

Modern Cap Co., 312 Mo. 173, 279 S. W. 89, 96; Blech v. Berzon, 61 S. W. (2d) 201, 202; Grindstaff v. Structural Steel Co., 328 Mo. 72, 40 S. W. (2d) 702, 706.]

III. Defendant also assigns error on the verdict as excessive. He directs attention to no evidence tending to sustain this assignment. He argues that the evidence shows an improvement in plaintiff's condition. There was no evidence tending to show a substantial permanent improvement. The fact that he relies on improvement in condition is an admission that plaintiff was seriously injured.

We find nothing in the record tending to show that the verdict is excessive. If it is not excessive, the reference to insurance during the trial is of no consequence on this question.

The judgment should be affirmed. It is so ordered. All concur except *Hays, J.*, absent.