(No. 31095.—

ROBERT N. WILSON, Admr., Appellee, *vs.* FRED TROMLY, Admr., Appellant.

*Opinion filed November 22, 1949.*

MARSHALL & FEIGER, of Fairfield, and W. JOE HILL and GLENN E. MOORE, both of Benton, for appellant.

PHILIP G. LISTEMAN, of East St. Louis, (LLOYD MIDDLETON, and JAMES H. BANDY, of counsel,) for appellee.

Mr. JUSTICE GUNN delievered the opinion of the court:

On September 7, 1946, Nolen Stevens, a resident of the State of Illinois, and Ruth Titzer Wilson, a resident of the State of Indiana, were each driving a separate automobile in opposite directions upon the Illinois highways in Washington County. A collision occurred in which both of these individuals were killed. On September 4, 1947, the administrator of the estate of Ruth Titzer Wilson, deceased, filed his suit against the administrator of the estate of the Illinois decedent in the circuit court of Washington County under sections 1 and 2 of the Wrongful Death Act, also called the Injuries Act. (Ill. Rev. Stat. 1947, chap. 70, pars. 1 and 2.) This suit was commenced within one year of the date of the death of the plaintiff's decedent. On October 4, 1947, within the time fixed by law for filing a defensive pleading, the defendant filed his answer, and also filed a counterclaim against the plaintiff

for damages, alleging a wrongful death, as provided in sections 1 and 2 of the act aforesaid. The countercomplaint disclosed upon its face that it was filed more than one year after the death of Nolen Stevens. A motion to strike the defendant's counterclaim was made upon the ground that the cause of action charged therein was barred because it had not been commenced within a year, as provided by section 2 aforesaid, and this motion was allowed by the court, such counterclaim was stricken, and judgment was entered that counterclaimant take nothing thereunder. The cause was appealed to the Appellate Court for the Fourth District, and there the judgment of the trial court was affirmed. We have allowed an appeal to this court.

It is clear from the statement of facts that the sole question involved in this appeal is one of law, that is, whether the counterclaimant may assert a counterclaim based on the Injuries Act which he would be barred from asserting if he brought a separate independent suit. Counterclaims are expressly authorized by the provisions of the Civil Practice Act. Section 38(3) of that act (Ill. Rev. Stat. 1947, chap. 110, par. 162,) provides: "Every counterclaim shall be pleaded in the same manner and with the same particularity as a complaint, and shall be complete in itself, but allegations set forth in other parts of the answer may be incorporated by specific reference instead of being repeated."

The general purpose of a counterclaim has been long understood and many times defined. It differs from an answer in that a counterclaim must be a cause of action, and it seeks affirmative relief while a defense merely defeats the plaintiff's cause of action by a denial or confession and avoidance. (Am. & Eng. Ency of L., vol. 25, p. 568; *Stoner* v. *Swift,* 164 Ind. 652, 74 N.E. 248; *Bird* v. *St. John's Episcopal Church,* 154 Ind. 138, 56 N.E. 129; *Clark* v. *Heckeman,* 346 Mo. 458, 142 S.W. 2d 35; *Kleid* v. *Ruthbell Cool Co.* 131 Fed 2d 372.) A counterclaim

is an independent cause of action. (*Pennsylvania Co.* v. *Lynch,* 308 Pa. 23, 162 Atl. 157; *Roberts Mine & Mill Co.* v. *Schrader,* 95 Fed. 2d 522; *Groton Bridge Co.* v. *American Bridge Co.* 151 Fed. 871; *Hoyle* v. *Carter,* 215 N.C. 90, 1 S.E. 2d 93.) As involving all of these elements, a counterclaim is usually defined as a cause of action in favor of the defendant against the plaintiff, which the defendant is authorized to litigate in opposition to the plaintiff's claim in the same action. (25 Am. & Eng. Ency. of L., 568; 23 Stand. Ency. of Pl. & Pr. 585.) Since these were commonly understood elements of a counterclaim, as well as the definitions thereof, used prior to the adoption of the Civil Practice Act, we may strongly infer that the term is used in this sense in section 38 of that act, since it is not otherwise defined.

What, then, is the independent cause of action which is set up in the counterclaim of appellant? It is one that is authorized by sections 1 and 2 of the Wrongful Death Act. This statute permits recovery for death of an individual by wrongful act, neglect, or default, where, before its enactment, such an action would not lie. The statute alone is the source of the right to sue, and we have held that the act should be strictly construed; (*Rhoads* v. *Chicago and Alton Railroad Co.* 227 Ill. 328,) and under the provisions of this act the legislature, having conferred a right of action for death by wrongful act, may determine who shall sue, and the conditions under which the suit may be brought. *McFadden* v. *St. Paul Coal Co.* 263 Ill. 441.

The statute provides that "every such action shall be commenced within one year after the death of such person." (Ill. Rev. Stat. 1947, chap. 70, par. 2.) This provision has been construed by this court several times, and we have held that the time fixed for bringing an action under this act is a condition of liability, and operates as a limitation of the liability itself, and not the remedy alone. *Hartray* v. *Chicago Railways Co.* 290 Ill. 85; *Carlin* v. *Peerless*

*Gas Light Co.* 283 Ill. 142; *Goldstein* v. *Chicago City Railway Co.* 286 Ill. 297; *Metropolitan Trust Co.* v. *Bowman Dairy Co.* 369 Ill. 222.

Appellant somewhat questions that we have held directly that bringing of a suit within one year is a necessary condition of liability, but in the *Hartray case* we said: "It is a condition precedent to the right of recovery granted by this act that the action be brought within one year after the cause of action accrues. [Citation.] In a statutory action like this, where the right is conditional, the plaintiff must bring himself clearly within the prescribed requirements necessary to confer the right of action. [Citations.] Inasmuch, therefore, as the limitation of the time in which to sue is considered not merely of the remedy but of the right of action itself and the cause of action exists subject to the limitation, a declaration must allege or state facts showing that the action is brought within the time prescribed by the statute."

In the recent case of *Fitzpatrick* v. *Pitcairn,* 371 Ill. 203, in commenting upon the case of *Metropolitan Trust Co.* v. *Bowman Dairy Co.* 369 Ill. 222, and our holding therein, we said: "Adhering to our former holdings we said the time fixed by the Injuries Act for commencing an action for wrongful death is not a statute of limitations, but is a condition of the liability itself; that it is a condition precedent attached to the right to sue at all, and, being so, the plaintiff must bring himself within the prescribed requirements necessary to confer the right of action, citing *Day* v. *Talcott,* 361 Ill. 437; *Bishop* v. *Chicago Railways Co.* 303 Ill. 273; *Hartray* v. *Chicago Railways Co.* 290 Ill. 85. Those holdings are applicable here." These decisions would seem to foreclose the contention that the time fixed for the commencement of an action under the Injuries Act is not a condition that must be observed at all events.

The counterclaimant contends, however, that even though the action for death resulting from a wrongful act must be

commenced within one year, certain provisions of the Limitations Act (Ill. Rev. Stat. 1947, chap. 83,) save his right to maintain this action. Particular reliance is placed upon section 19 of that act which, among other things, contains the following: "If a person against whom an action may be brought die before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced against his executors or administrators after the expiration of that time, and within nine months after the issuing of letters testamentary or of administration." This provision of the Limitations Act must be read in conjunction with the other provisions of the statute, including section 12, which reads: "The following actions can only be commenced within the periods prescribed, except when a different limitation is prescribed by statute:" and then are enumerated slander and libel, personal injuries, actions on unwritten contracts and actions on writings. Therefore, when section 19 refers to a "person entitled to bring an action" and who dies, or to one against whom an action may be brought and who dies, it refers to the subject matter of the statute, *viz.*, the beginning of actions specifically enumerated in the statute.

This is emphasized by our repeated holdings that a suit brought under the Injuries Act does not come within any of the other actions enumerated, but is *sui generis,* created by statute, and independent of all others mentioned in the Limitations Act. Moreover, section 12 of the Limitations Act expressly excludes the periods of limtation set out in the act from applying "when a different limitation is prescribed by statute." The time prescribed by the Injuries Act for commencing a suit is one year, which has been construed as a condition precedent, so quite obviously the saving provisions contained in section 19 and other sections of the Limitations Act have no reference to the time limit or condition in another statute creating a new cause of action not existing at common law.

In considering this subject in *Bishop* v. *Chicago Railways Co.* 303 Ill. 273, we said: "It is seen, therefore, that the statute which creates the right,—that is, the Injuries Act,—places a limitation, not on defenses to the right of action, but upon the right of action itself. The Statute of Limitations may be styled a defense statute; the Injuries Act is purely and simply a liability statute. The provision of the Injuries Act requiring that suit be brought within a year after the death not being a limitation statute, * * * cannot be said to be applicable to cases arising under the Injuries Act unless the right of action in such cases can be seen to be included within the classes of cases embraced by the Limitations Act."

From what is said in the *Bishop case* and the *Metropolitan Trust Co. case* we are required to hold that an action under the Injuries Act is not an action for personal injuries coming within sections 19 and 24 of the Limitations Act.

The only remaining question is to consider whether the contention of appellant that a counterclaim may be considered merely as an answer aids him. Section 38(2) of the Civil Practice Act provides: "The counterclaim shall be a part of the answer, and shall be designated as a counterclaim." Section 33(2) of the Civil Practice Act provides that "Each separate claim or cause of action upon which a separate recovery might be had, shall be stated in a separate count or counterclaim, as the case may be, and each count, counterclaim, defense or reply, shall be separately pleaded, * * *." From these several provisions of the Civil Practice Act it is apparent that the reference to answer in section 38(2) is a mere designation of the order of pleading rather than giving character to the substantial requirements thereof, and does not waive the requirement of section 38(3) that every counterclaim "shall be complete in itself." We have said sufficient above to point out that a counterclaim is affirmative in character, and must

contain all of the elements of an original suit, except that it may be filed as a defense, in which affirmative judgment or relief may be obtained.

Viewing the case in this manner, we see that the admitted facts here show that appellee brought a lawsuit against appellant based upon the Injuries Act; that appellant filed an answer denying he was entitled to maintain his action. Appellant also filed a counterclaim in which he demanded affirmative judgment because of the negligence of the plaintiff's deceased. This counterdemand is based upon the provisions of the Injuries Act, and one of the essential requirements of that statute is that the action be commenced within one year. Under his answer alone appellant could have recovered nothing, other than costs, which are fixed as a matter of law, but, under his counterclaim, if filed in apt time, he would have been enabled, if the proof was sufficient, to recover a judgment because of the provisions of the Injuries Act. The only time that this cause of action was commenced, as the term is understood, was after one year had elapsed.

In *Vincent* v. *McElvain,* 304 Ill. 160, we said: "It is well established by repeated decisions of this and other courts that a suit or action is commenced when a party puts in motion, under his claim, the instruments of the court. Where the court is one of general jurisdiction it acquires jurisdiction of the plaintiff and the plaintiff's cause when he applies for its power and assistance to compel the defendant to render him his rights under the law." In the instant case the only time that appellant put into motion the instruments to collect money damages from appellee was the filing of his counterclaim, which was admittedly filed more than one year after the cause of action accrued. These facts appeared upon the face of the counterclaim, and, of course, under our many decisions, the counterclaim was subject to objection on motion to strike or dismiss. It appears to us that the court was not at liberty

to take any other course than to sustain this motion. If it should be held that the mere fact of pleading enlarged the condition of the statute that the action be brought within one year, then we have an instance in which an action under the Injuries Act may be brought within two years instead of one, assuming that the first action is brought at or near the end of the first period.

We are required to hold that the provisions of the Limitations Act, creating exceptions to limitation periods in the specific events mentioned therein, have no application to actions for death from a wrongful act under the Injuries Act, whether it arises in a direct suit, or by way of a counterclaim.

We are of the opinion that the judgment of the Appellate Court for the Fourth District, in affirming the judgment of the circuit court of Washington county, was correct, and should be and is affirmed.

*Judgment affirmed.*